WILLIAM STRONG ET AL. *v.* CONSERVATION COMMISSION OF THE TOWN OF OLD LYME ET AL.
(10807)

NORCOTT, FREEDMAN and MALONEY, Js.

Argued May 12—decision released August 4, 1992

*James E. Mattern,* for the appellant (named defendant).

*John S. Bennet,* for the appellees (plaintiffs).

MALONEY, J. This appeal arises from the denial of an inland wetlands application by the defendant conservation commission (commission). The plaintiffs own 0.48 acres of land in Old Lyme which form a narrow parcel containing two wetlands. The entire parcel falls within the 100 foot wetlands boundary subject to the regulations.

The plaintiffs filed two applications for permits to develop the site by constructing a house and septic system within the regulated area, but outside the wetlands proper. Both applications were denied by the defendant commission. The plaintiffs appealed the second denial to the Superior Court pursuant to General Stat-

utes § 22a-43, contending, among other claims, that the record did not provide an adequate basis for the denial. The trial court found in favor of the plaintiffs and ordered the commission to grant the application.

The commission raises three issues on appeal: (1) whether the finding that the plaintiffs were aggrieved was clearly erroneous; (2) whether the court abused its discretion in finding that there were no alternatives to the plaintiffs' primary plan; and (3) whether the court abused its discretion in remanding the case with instructions to grant the permit.

The trial court found that the plaintiffs, as owners of the property in question, are aggrieved by the commission's action. General Statutes § 22a-43 (a); *Huck* v. *Inland Wetlands & Watercourses Agency,* 203 Conn. 525, 530, 525 A.2d 940 (1987). In contesting aggrievement, however, the commission alleges that the plaintiffs' application, which is the subject of this appeal, is identical to their 1987 application, which was denied and not appealed. The commission contends that the plaintiffs cannot be aggrieved by the present denial, therefore, because it is, in effect, merely an affirmance of its prior decision. We do not agree.

"Administrative agencies are impotent to reverse [themselves] unless (1) a change of condition has occurred since its prior decision or (2) other considerations materially affecting the merits of the subject matter have intervened and no vested rights have arisen. *Middlesex Theatre, Inc.* v. *Hickey,* 128 Conn. 20, 22, 20 A.2d 412 (1941); *Hoffman* v. *Kelly,* 138 Conn. 614, 616–17, 88 A.2d 382 (1952). The principle applies, however, only when the subsequent application seeks substantially the same relief as that sought in the former. *Fiorilla* v. *Zoning Board of Appeals,* 144 Conn. 275, 279, 129 A.2d 619 (1957). *Grillo* v. *Zoning Board of Appeals,* 206 Conn. 362, 367, 537 A.2d 1030 (1988)."

(Internal quotation marks omitted.) *Carlson* v. *Fisher*, 18 Conn. App. 488, 497–98, 558 A.2d 1029 (1989).

A review of the record in this case persuades us that the commission's argument on aggrievement cannot be sustained. The commission failed to raise this issue as one of its reasons for denying the application and also failed to introduce a copy of the 1987 application in the record. Furthermore, one of the plaintiffs, William Strong, Jr., testified that although the two applications concerned the same plan, the second application presented several alternatives, thus differentiating it from the first. We cannot conclude, therefore, on the basis of this record, that the 1987 application and the subject application are substantially the same. Accordingly, we hold that the trial court correctly found that the plaintiffs were aggrieved.

The defendant next claims that the trial court abused its discretion in concluding that there was no alternative to the plaintiffs' principal plan to develop the lot. General Statutes § 22a-41 (b) provides that "a permit [for the conduct of a regulated activity] shall not be issued unless the [commission] finds that a feasible and prudent alternative [to the activity] does not exist." The question before the trial court was whether the commission had sufficient evidence to justify the denial of the plan and, if so, whether there was sufficient evidence to determine that an alternative existed. The trial court determined that "there is no substantial evidence to support the decision of the commission." The minutes of the commission meeting of November 28, 1989, show that Commissioner David Rhum presented a motion in summary form and an unsigned supporting memorandum. Together, the motion and memorandum constitute the commission's decision denying the application. The main points of the motion were "(1) the area of the proposed construction is close to the wetland, which would have an impact on it; (2) however the wet-

land existed, it was part of a major system with considerable water flow to bring water into a large important system downstream; (3) there were options, such as making changes in the boundary terrain or the dimensions of the uplands, which might be changed by excavation or fill. This was one option that the commission felt was a possibility and to which no consideration had been given."

The unsigned memorandum described the parcel and the plaintiffs' proposal. The underlying reasons for the decision are found in the third paragraph of the memorandum, which states that "[t]he actual distances of proposed construction from the wetlands and watercourse, and the proposed terrain changes on the property, make it likely that runoff and leachate will reach and enter the watercourse and wetland, producing an ecologically undesirable impact. The potential severity of the impact is enhanced by the function of the watercourse in feeding the open marsh and Big Pond. The site preparation, land elevation for building, etc., may also impact negatively on the immediate neighbor, Mr. Stanley Hancock, who has expressed concern about runoff. In the event that the septic reserve is required to be used, a pipe will have to be laid across and under the full width of the wetland, leading to major disruption during construction and to probable septic pollution while the construction is underway. . . . However the building and septic system are located, the site as it stands is inherently a poor location for development."

When reviewing the transcripts of the public hearings and comparing the information elicited at those hearings with the reasons given for the denial, the trial court found it "difficult to determine how the commission members arrived at the material indicated in the decision." The trial court found that there was no substantial evidence in the record to support the commission's decision.

The trial court's standard of review in an administrative appeal is to determine whether there is substantial evidence in the record that reasonably supports the administrative decision. *Feinson* v. *Conservation Commission,* 180 Conn. 421, 425, 429 A.2d 910 (1980). If the record provides such substantial evidence, the court should not substitute its judgment for that of the agency. *Frito-Lay, Inc.* v. *Planning & Zoning Commission,* 206 Conn. 554, 572–73, 538 A.2d 1039 (1988); *New Haven* v. *Freedom of Information Commission,* 205 Conn. 767, 773, 535 A.2d 1297 (1988). If the court finds, however, that there was insufficient evidence to support the findings and conclusions of the agency, it must sustain the appeal. General Statutes § 4-183 (j); *Feinson* v. *Conservation Commission,* supra.

Our courts have considered the issue of substantial evidence in several cases similar to the case before us. In *Kaeser* v. *Conservation Commission,* 20 Conn. App. 309, 314, 567 A.2d 383 (1989), the court held that the substantial evidence rule does not call for a roll call of qualified experts, merely that "[a]n agency decision must be *based on reliable evidence* made public and the applicant must have *an opportunity to respond* to agency concerns." (Emphasis added.) Id., 314; see *Huck* v. *Inland Wetlands & Watercourses Agency,* supra, 547; *Manor Development Corporation* v. *Conservation Commission,* 180 Conn 692, 701, 433 A.2d 999 (1980); *Mrowka* v. *Board of Zoning Appeals,* 134 Conn. 149, 154, 55 A.2d 909 (1947).

In *Tanner* v. *Conservation Commission,* 15 Conn. App. 336, 544 A.2d 258 (1988), the plaintiff's four experts agreed that the proposed project could be built on the site. This court affirmed the trial court's ruling that the commission, in dealing with complex issues, could not ignore the testimony of the expert witnesses and rely solely on its own insight. "We find that there

was no substantial evidence since there was an absolute disregard of the unanimous contrary expert opinion." Id., 341.

In *Huck* v. *Inland Wetlands & Watercourses Agency,* supra, the plaintiff offered four expert witnesses to testify that the proposal would have no adverse impact on the wetlands; the agency did not present any expert testimony in rebuttal. In that case, however, the court found that there was other substantial evidence to support the agency's denial of the permit. Id., 543–50. The agency did not " 'whimsically ignore substantial expert testimony' nor was its action 'the result of the prejudicial desire of the [agency] to have [the] plaintiff's land remain in a natural state.' . . . This agency . . . reasonably resolved fairly debatable questions based on substantial evidence." Id., 552.

In *Feinson* v. *Conservation Commission,* supra, the only expert witness was the plaintiff's design engineer; no public official or member of the public contested the application. The commission disregarded the expert's testimony and based its decision entirely on the specialized knowledge, judgment, and concerns of its own members. It brought these factors into the process, however, after the public hearing and at a time when the plaintiff could not contest or rebut them. The court held that the commission had acted in a manner that placed its data base beyond the plaintiff's scrutiny and therefore acted "without substantial evidence, and arbitrarily." Id., 429.

These four cases, taken together, establish that an administrative agency must base its decision on substantial reliable evidence in the record. It may not base its decision on the special concerns and insights of its members unless it has given the applicant an opportunity to respond to them. Finally, an agency cannot capriciously ignore the testimony of expert witnesses.

The record before the commission in the present case reveals that two engineers testified as expert witnesses for the plaintiff and that an attorney representing an abutting landowner questioned the effect that the proposed plan would have on drainage onto his client's land. He also questioned the damage caused by the construction of a pipe over the wetlands if the primary septic system failed. There was no discussion of the effects of any runoff during construction or on the pond downstream. The question of whether the wetlands could be shifted away from the house and septic system was raised, but barely explored, and was soundly rejected by the engineers. The final issue mentioned in the commission's supporting memorandum, the effect on the abutting landowner, was raised; however, there was no evidence on which to base a finding.

Our review of the commission's decision and the record before it, as we have set forth previously, does not disclose substantial, reliable evidence to support the agency's findings and conclusions. In particular, the commission's finding that the plaintiffs could change the terrain as an alternative to their plan was unsupported by evidence. Furthermore, the commission did not provide the plaintiffs an opportunity to respond to its concerns about possible pollution of the downstream open marsh and Big Pond, the effect of laying a pipe across the width of the wetland in the unlikely event that the primary septic system failed, or the effect of runoff on abutting lands. Instead, the commission expressed those concerns for the first time in its decision, when it was too late for the plaintiffs to respond. For all of these reasons, we hold that the trial court did not abuse its discretion in reversing the decision of the commission.

The final claim of the commission is that the trial court's order remanding the case was improper. Having found that the commission's denial of the plaintiffs'

application should be reversed, the trial court remanded the case to the commission "with instructions to grant the inland wetlands permit sought by the applicants."

General Statutes § 4-183 governs appeals from the commission's decision. See General Statutes § 22a-43. The trial court may affirm the decision of the agency or remand the case for further proceedings. General Statutes (Rev. to 1989) § 4-183 (g).[1]

Normally, "[w]hen agency action is overturned . . . because of invalid or insufficient findings, we have held that a court must ordinarily remand the matter under consideration to the agency for further consideration." *Feinson* v. *Conservation Commission,* supra, 429–30. In this case, the trial court ruled that, as a matter of law, there was only one conclusion that the commission could reasonably reach. As in *Feinson,* however, the record in this case indicates that the commission may have authority to accept the plaintiffs' application with conditions or modifications. In fact, the plaintiffs conceded at the administrative hearing that they would agree to a condition, imposed by the commission, requiring down spouts to drain runoff away from neighboring property. In view of this issue, we cannot agree with the trial court that as a matter of law there was "only one reasonable result for the commission to have taken." A direct order to the commission is therefore legally unwarranted and the case must be remanded to the commission for further consideration of any conditions that should be attached to the issuance of the permit as supported by evidence in the present record.

[1] General Statutes § 4-185 (a) provides that an amended version of General Statutes § 4-183 applies to all agency proceedings commenced on or after July 1, 1989. Agency proceedings commenced before July 1, 1989, are governed by the law in effect when the proceeding commenced. As the application being appealed in this case was filed on June 15, 1989, the older version of the statute applies.

*Feinson* v. *Conservation Commission,* supra; see also *Plastic Distributors, Inc.* v. *Burns,* 5 Conn. App. 219, 497 A.2d 1005 (1985).

The judgment is reversed in part and the case is remanded for further proceedings consistent with this opinion.

In this opinion the other judges concurred.