## State of Connecticut *v.* James E. Milton
## (14516)

Peters, C. J., Callahan, Berdon, Norcott and Katz, Js.

Argued November 3—decision released December 8, 1992

*J. Brendan Sharkey,* special public defender, for the appellant (defendant).

*Richard F. Jacobson,* assistant state's attorney, with whom, on the brief, were *Donald A. Browne,* state's attorney, and *John Smriga,* assistant state's attorney, for the appellee (state).

PER CURIAM. The principal issue in this appeal is whether dismissal of criminal charges is required when state correctional officials, in violation of the Intrastate Detainer Act, General Statutes §§ 54-82c and 54-82d, fail to notify an inmate of the pendency of such charges and of his right to seek their speedy disposition. The defendant, James E. Milton, was charged by a substitute information with, inter alia, the crimes of possession of narcotics in violation of General Statutes § 21a-279 (a), possession of a sawed-off shotgun in violation of General Statutes § 53a-211 (a) and possession of a machine gun in violation of General Statutes § 53-202 (c).[1] Following the defendant's conviction by a jury on those three counts,[2] the trial court sentenced him to a total effective term of twenty-two years imprisonment. The defendant appealed to the Appel-

[1] General Statutes § 21a-279 (a) provides: "PENALTY FOR ILLEGAL POSSESSION. SUBSTITUTION OF MEDICAL TREATMENT FOR CRIMINAL SANCTIONS. (a) Any person who possesses or has under his control any quantity of any narcotic substance, except as authorized in this chapter, for a first offense, may be imprisoned not more than seven years or be fined not more than fifty thousand dollars, or be both fined and imprisoned; and for a second offense, may be imprisoned not more than fifteen years or be fined not more than one hundred thousand dollars, or be both fined and imprisoned; and for any subsequent offense, may be imprisoned not more than twenty-five years or be fined not more than two hundred fifty thousand dollars, or be both fined and imprisoned."

General Statutes § 53a-211 (a) provides: "POSSESSION OF A SAWED-OFF SHOTGUN OR SILENCER: CLASS D FELONY. (a) A person is guilty of possession of a sawed-off shotgun or a silencer when he owns, controls or possesses any sawed-off shotgun that has a barrel of less than eighteen inches or an overall length of less than twenty-six inches or when he owns, controls or possesses any silencer designed to muffle the noise of a firearm during discharge."

General Statutes § 53-202 (c) provides: "MACHINE GUNS. . . .

"(c) Any person who possesses or uses a machine gun for an offensive or aggressive purpose shall be fined not more than one thousand dollars or imprisoned not less than five years nor more than ten years or be both fined and imprisoned."

[2] The trial court acquitted the defendant of two other counts of assault on a police officer.

late Court, which affirmed the judgment against him. *State* v. *Milton,* 26 Conn. App. 698, 603 A.2d 750 (1992). We granted the defendant's petition for certification to appeal to this court,[3] and now affirm the judgment of the Appellate Court.

Neither in the Appellate Court nor in this court has the defendant challenged the validity of any aspect of the trial that led to his conviction on the charges filed against him. His appeal has focused instead on the denial of his motion to dismiss those charges, which was premised on the failure of correctional officers, while he was incarcerated on other charges in correctional facilities at Somers, Enfield, Cheshire or Bridgeport, to notify him of his speedy trial rights under General Statutes § 54-82c.[4]

---

[3] Certification to appeal was granted on the following issue: "Did the Appellate Court properly reject the defendant's claim that the charges against him should have been dismissed based upon a violation of his rights under Connecticut General Statutes §§ 54-82c and 54-82d?" *State* v. *Milton,* 221 Conn. 921, 608 A.2d 687 (1992).

[4] General Statutes § 54-82c provides: "PRISONER'S RIGHT TO SPEEDY TRIAL ON PENDING CHARGES. (a) Whenever a person has entered upon a term of imprisonment in a correctional institution of this state and, during the continuance of the term of imprisonment, there is pending in this state any untried indictment or information against such prisoner, he shall be brought to trial within one hundred twenty days after he has caused to be delivered, to the state's attorney or assistant state's attorney of the judicial district or geographical area, in which the indictment or information is pending, and to the appropriate court, written notice of the place of his imprisonment and his request for final disposition to be made of the indictment or information. For good cause shown in open court, the prisoner or his counsel being present, the court may grant any necessary or reasonable continuance. The request of the prisoner shall be accompanied by a certificate of the warden, community correctional center administrator or other official having custody of the prisoner, stating the term of commitment under which the prisoner is being held, the time already served, the time remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner and any decisions of the parole board relating to the prisoner.

"(b) The written notice and request for final disposition referred to in subsection (a) hereof shall be given or sent by the prisoner to the warden, community correctional center administrator or other official having cus-

The opinion of the Appellate Court recites the facts underlying the defendant's motion to dismiss. The defendant was arrested on the charges underlying the present conviction on July 15, 1989. *State* v. *Milton,* supra, 700. He began serving a sentence at Somers on an unrelated charge on December 20, 1989, and was thereafter transferred to other intrastate correctional facilities. Id. He filed the motion to dismiss the present charges on July 25, 1990, while he was still serving his earlier sentence. Id.

When state correctional officials know that a prisoner in their custody is subject to an untried information, § 54-82c obligates them to notify the prisoner of the pendency of the charges against him and to inform him of his right to request a speedy disposition of those charges. The Appellate Court meticulously examined the relevant statutes, case law and facts, and concluded that the correctional officials had failed to comply with these statutory obligations. Id., 705–12. That conclusion is not at issue in the appeal in this court.

Having determined the existence of a statutory violation, the Appellate Court considered whether the trial court was required to dismiss the charges of which the correctional officials had failed to notify the defendant. The court conscientiously considered the inferences to be drawn from the express provision of a remedy

tody of him, who shall promptly forward it together with the certificate to the appropriate prosecuting official and court by registered or certified mail, return receipt requested.

"(c) The warden, community correctional center administrator or other official having custody of the prisoner shall promptly inform him in writing of the source and contents of any untried indictment or information against him concerning which the warden, administrator or other official has knowledge and of his right to make a request for final disposition thereof.

"(d) Escape from custody by the prisoner subsequent to his execution of the request for final disposition referred to in subsection (a) hereof shall void the request."

of dismissal for a violation of General Statutes § 54-82d[5] and the absence of a similar remedy in § 54-82c. Id., 712–13. It carefully examined our holding in *State* v. *Herring,* 210 Conn. 78, 89, 554 A.2d 686, cert. denied, 492 U.S. 912, 109 S. Ct. 3230, 106 L. Ed. 2d 579 (1989), in which we held, in similar circumstances, that violation of the notice provisions of the Interstate Detainer Act, General Statutes § 54-186, did not automatically require a dismissal of the relevant charges. As we did in *State* v. *Herring,* supra, the Appellate Court applied, by analogy, the balancing principles that the United States Supreme Court established in *Barker* v. *Wingo,* 407 U.S. 514, 530, 92 S. Ct. 2182, 33 L. Ed. 2d 101 (1972), as the appropriate remedy for a deprivation of the constitutional right to a speedy trial. *State* v. *Milton,* supra, 712–13. The Appellate Court then undertook a painstaking examination of the four factors that form the matrix of an analysis under *Barker* v. *Wingo,* supra, and concluded that, despite the serious violation of the defendant's statutory rights to notice, the trial court had properly denied the defendant's motion for dismissal. *State* v. *Milton,* supra, 713–16.

In his appeal in this court, the defendant continues to maintain that dismissal of the charges is the only proper remedy for a failure by correctional officials to notify an inmate of criminal charges that are pending against him. If dismissal is not automatically required, he does not, however, challenge the applicability of the *Barker* v. *Wingo* analysis that the Appellate Court undertook or the results of that court's *Barker* v. *Wingo* analysis in the circumstances of this case.

---

[5] General Statutes § 54-82d provides: "DISMISSAL OF CHARGES ON FAILURE TO GRANT PRISONER SPEEDY TRIAL. If an action is not assigned for trial within the period of time as provided in section 54-82c, no court of this state shall any longer have jurisdiction thereof, nor shall the untried indictment or information be of any further force or effect, and the court shall enter an order dismissing the same."

As he did in the Appellate Court, the defendant makes a twofold argument to support his contention that dismissal of the charges is the only available remedy for a serious violation of § 54-82c. First, he infers that such a remedy is required because of the policy objectives of the Intrastate Detainer Act. Second, he distinguishes our invocation of the *Barker* v. *Wingo* test in *State* v. *Herring,* supra, on the ground that the injury he sustained by not receiving notice is categorically different from the injury inflicted on the defendant in *State* v. *Herring,* supra, who obtained belated notice.

Both of these arguments were fully considered and properly resolved against the defendant in the well reasoned opinion of the Appellate Court. Id., 712–13, and see especially n.6. Having examined the record on appeal and studied the briefs and the arguments of the parties, we conclude that the appeal in this case should be dismissed on the ground that certification was improvidently granted. It would serve no useful purpose for us to repeat the discussion contained in the Appellate Court's opinion.

The appeal is dismissed.