WILLIAM STRONG ET AL. *v.* CONSERVATION COMMISSION OF THE TOWN OF OLD LYME ET AL.
(14611)

PETERS, C. J., CALLAHAN, BORDEN, KATZ and PALMER, Js.

Argued June 1—decision released July 6, 1993

*James E. Mattern,* for the appellant (named defendant).

*John S. Bennet,* for the appellees (plaintiffs).

*Richard Blumenthal,* attorney general, and *Joseph Rubin* and *David H. Wrinn,* assistant attorneys general, filed a brief for the commissioner of environmental protection as amicus curiae.

PER CURIAM. In this appeal concerning a conservation commission's denial of an inland wetlands application, we granted a petition for certification to consider whether the Appellate Court had improperly placed on the commission the burden of establishing that no feasible and prudent alternative existed to the plaintiff's application.[1] We dismiss the appeal on the ground that certification was improvidently granted.

The opinion of the Appellate Court, *Strong* v. *Conservation Commission,* 28 Conn. App. 435, 611 A.2d 427 (1992), discloses the relevant history. The plaintiffs, William Strong and Isabel Strong, filed an application with the defendant conservation commission of the town of Old Lyme (defendant) to construct a house and septic system within a regulated inland wetlands area. Id., 436. The defendant denied their application. Id. The plaintiffs appealed to the trial court, which concluded that there was no factual basis for the defendant's denial and ordered it to grant the application. Id., 436–37. The Appellate Court affirmed the trial court's substantive ruling, but reversed its mandate and ordered a remand of the case to the defendant for further consideration of the plaintiffs' application. Id., 442–44.

In the course of its opinion, the Appellate Court held that the administrative record failed to "disclose sub-

---

[1] We granted the named defendant permission to appeal the following certified issue: "Under the circumstances of this case, did the Appellate Court improperly place the burden on the conservation commission to establish that no feasible and prudent alternative existed to the plaintiffs' application?" *Strong* v. *Conservation Commission,* 224 Conn. 902, 615 A.2d 1046 (1992).

stantial, reliable evidence to support the [defendant's] findings and conclusions." Id., 442. The defendant successfully petitioned this court for certification on the premise that the Appellate Court had improperly imposed upon the defendant the burden of proving compliance with the statutory requirement, contained in General Statutes § 22a-41 (b),[2] that no permit for the conduct of a regulated activity in a wetland should be issued "unless the commissioner finds that a feasible and prudent alternative does not exist."

Our examination of the record on this appeal, and the briefs and arguments of the parties, persuades us that the defendant's appeal should be dismissed. At oral argument in this court, the parties agreed that the plaintiffs had the burden of proving compliance with the statutory requirements for a wetlands permit. There was, therefore, no controversy about the question on which certification had been granted. Instead, the disagreement between the parties devolved into

[2] General Statutes § 22a-41 provides: "FACTORS FOR CONSIDERATION OF COMMISSIONER. FINDING OF NO FEASIBLE OR PRUDENT ALTERNATIVE. (a) In carrying out the purposes and policies of sections 22a-36 to 22a-45, inclusive, including matters relating to regulating, licensing and enforcing of the provisions thereof, the commissioner shall take into consideration all relevant facts and circumstances, including but not limited to:

"(1) The environmental impact of the proposed action;

"(2) The alternatives to the proposed action;

"(3) The relationship between short-term uses of the environment and the maintenance and enhancement of long-term productivity;

"(4) Irreversible and irretrievable commitments of resources which would be involved in the proposed activity;

"(5) The character and degree of injury to, or interference with, safety, health or the reasonable use of property which is caused or threatened; and

"(6) The suitability or unsuitability of such activity to the area for which it is proposed.

"(b) In the case of an application which received a public hearing, a permit shall not be issued unless the commissioner finds that a feasible and prudent alternative does not exist. In making his finding the commissioner shall consider the facts and circumstances set forth in subsection (a). The finding and the reasons therefor shall be stated on the record."

their disparate views on the substantive issue of whether the plaintiffs had met their burden of persuasion. The Appellate Court's comprehensive opinion thoroughly and properly addresses that issue and resolves it against the defendant. It would serve no useful purpose for us to repeat the discussion therein contained. In these circumstances, we conclude that certification was improvidently granted. See *State* v. *Novoa,* 224 Conn. 322, 324, 618 A.2d 30 (1992); *State* v. *Milton,* 224 Conn. 163, 168, 617 A.2d 460 (1992).

The appeal is dismissed.