[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is the appeal of John F. Carr, Jr. of the decision of the Bridgewater Conservation and Inland Wetlands commission denying plaintiff's application to conduct certain regulated activities, to wit, the construction of a thirty-five unit housing development on land located on Route 133 in Bridgewater, Connecticut.
The defendant Commissioner of Environmental Protection was not a party to the proceedings before the wetlands agency, but rather was served with the administrative appeal in this matter pursuant to General Statutes § 22a-43 (a). The Commissioner appears in many wetlands appeals through the state to address legal issues, both substantive and procedural, arising out of the application of the Inland Wetlands and Watercourses Act, General Statutes § 22a-36 to § 22a-45 by municipalities. CT Page 1451
This appeal arises from proceedings before the Bridgewater Conservation and Inland Wetlands Commissions in which the plaintiff, John F. Carr, Jr., by application dated January 3, 1997, requested a wetlands permit to conduct regulated activities.; involving the construction of a thirty-five unit housing development on sixteen acres of a twenty four acre parcel located on the east side of Route 133 in Bridgewater. (Return of Record (ROR), Exh. 1). The wetlands agency conducted a site visit on March 1, 1997. (ROR Exh. 4) An abutting property owner intervened in the proceeding pursuant to General Statutes § 22a-19
asserting that the proposed activity was "reasonably likely to have the effect of unreasonably polluting, impairing or destroying the public trust in the air, water, wildlife and other natural resources of the State of Connecticut." (ROR Ex. 32) A public hearing on the application took place on April 2, 1997, May 7, 1997 and June 4, 1997. (ROR Exhs. 19A, 40, 50) The wetlands agency discussed the application at its July 2, 1997 meeting. (ROR, Exh. 54) During the wetlands agency meeting on July 2, 1997, the wetlands agency denied the application for six stated reasons, one of which was that the primary and secondary septic systems "are too close to the wetlands, given the slope, transmissivity, erodability and shallowness of the soils." (ROR, Exh. 54). The wetlands agency stated that a feasible and prudent alternative to the proposal maybe location of the septic systems at an increased setback from the wetlands. (ROR, Exh. 54). The wetlands agency published notice of its denial to the application. (ROR, Exhs. 55, 56). The propriety of the wetlands agency decision is the subject of this appeal.
An administrative agency determines the applicability of the law to a specific set of facts. The role of the court is to judge whether the decision was unreasonable, arbitrary or illegal.Caserta v. Zoning Board of Appeals, 28 Conn. App. 256, 258 (1992).
In reviewing decisions by wetlands agencies, the agency's decision; must be sustained if an examination of the record discloses evidence that supports any one of the reasons given.Samperi v. Inland Wetlands Agency, 226 Conn. 578 [226 Conn. 579], 587-88 (1993); Huck v. Inland Wetlands Watercourses Agency, 203 Conn. 525,539-40 (1987). The evidence to support any such reason must be substantial. Huck, 203 Conn. at 540.
The plaintiff is aggrieved by the decision of the Commission which denied his application. The plaintiff has appealed the CT Page 1452 decision of the Commission pursuant to General Statutes § 22a-43
which is the specific statutory authority permitting the appeal of a decision of a municipal inland wetlands agency. It provides in pertinent part: "[a]ny person aggrieved by any regulation, order, decision or action made pursuant to sections 22a-36 to 22a-45, inclusive, by the . . . municipality . . . may, within the time specified in subsection (b) of section 8-8 . . . appeal to the superior court for the judicial district where the land affected is located."
"Aggrievement requires a showing that the plaintiffs have a specific personal and legal interest in the subject matter of the decision as distinguished from a general interest such as is the concern of the community as a whole, and that the plaintiffs were specifically and injuriously affected in their property or other legal rights." Schwartz v. Town Plan and zoning Commission,168 Conn. 20, 25 (1975); Hughes v. Town Planning and Zoning Commission,156 Conn. 505, 507 (1968).
The Supreme Court has determined that the owner of the property which is the subject of a Commission's decision is aggrieved. Huck v. Inland Wetlands Watercourse Agency,203 Conn. 525, 530 (1987); Bossert v. Norwalk, 157 Conn. 279, 285 (1968). The plaintiff is the owner of the property which was the subject of the application denied by the Commission and which is the subject of this appeal. As such he has a specific personal and legal interest in the subject matter of the decision.
The trial court's standard of review in a wetlands appeal "is to determine whether there is substantial evidence in the record that reasonably supports the administrative decision. [Citation omitted.] If the record provides such substantial evidence, e the court should not substitute its judgment for that of the agency. [Citation omitted.]" Huck, supra, 203 Conn. at 552; Strong v.Conservation Commission, 28 Conn. App. 435, 440 (1992); cert. granted, 224 Conn. 902; appeal dismissed, 226 Conn. 227 (1993).
"[W]e note that the authority of an inland wetlands agency is extremely limited in that it can consider only matters that impact on designated wetlands areas. [Citations omitted.] The test that the reviewing court must apply in determining whether the commission's decision should be sustained is referred to as the substantial evidence rule. [Citation omitted.]" Tanner v.Conservation Commission, 15 Conn. App. 336, 339 (1988). CT Page 1453
Connecticut courts have had occasion to address the application of the substantial evidence standard in administrative appeals. As the court has found,
 judicial review of an administrative agency decision requires a court to determine whether there is substantial evidence in, the administrative record to support the agency's findings of basic fact and whether the conclusions drawn from those facts are reasonable." [Citations omitted.] The substantial evidence standard is satisfied if the record provides a "substantial basis of fact from which the fact in issue can be reasonably inferred." [Citation omitted.] Adriani v. Commission on Human Rights and Opportunities, 220 Conn. 307, 314-15 (1991). See also Briggs v. State Employees Retirement Commission, 210 Conn. 214, 217 (1989); and Tanner v. Conservation Commission, 15 Conn. App. 336, 339-340 (1988).
The appellate court applied this standard in Strong v. ConservationCommission, 28 Conn. App. 435 (1992); cert. granted, 224 Conn. 902; appeal dismissed, 226 Conn. 227 (1993). The Strong decision also provides an analysis is of other decisions rendered concerning this issue. Id.,
at pp. 440-442. The court reiterated the substantial evidence standard in the recent case of Forsell v. Conservation Commission, 43 Conn. App. 240
[43 Conn. App. 238] (1996).
It is the burden of the plaintiff challenging the administrative action to establish that the record does not support the action of the agency. Red Hill Coalition, Inc. v. ConservationCommission, 212 Conn. 710, 718 (1989); Laufer v. ConservationCommission, 24 Conn. App. 708, 715 (1991).
 The plaintiff must do more than simply show that another decision maker, such as the trial court, might have reached a different conclusion. Rather than asking the reviewing court to retry the case de novo; Calandro v. Zoning Commission, 176 Conn. 439, 440, 408 A.2d 229 (1979); the plaintiff must establish that substantial evidence does not exist in the record as a whole to support the agency's CT Page 1454 decision. Feinson v. Conservation Commission, 180 Conn. 421, 425, 429 A.2d 910 (1980).
Samperi v. Inland Wetlands Agency, 226 Conn. at 587.
In evaluating whether the conclusions reached are supported by application of the substantial evidence standard, the determination of fact is a matter within the province of the wetlands agency.Huck v. Inland Wetlands Watercourses Agency, 203 Conn. at 542. The agency is not required to use the evidence and materials presented to it in any particular fashion, as long as the conduct of the hearing is fundamentally fair. Bradley v. Inland WetlandsAgency, 28 Conn. App. 48, 54 (1992).
With regard to the presentation of expert testimony, our supreme court has held, in the case of Feinson v. ConservationCommission, supra at 180 Conn. 421 (1980), that in matters of technical complexity, such as pollution control, a lay commission without expertise in the area may not substitute its own judgment for contrary expert testimony. To do so without making public the basis of its decision and without offering the applicant an opportunity for rebuttal is to act arbitrarily and without fundamental fairness. Feinson, 180 Conn. at 428-29; Bradley,28 Conn. App. at 53. It is important to note that in Feinson the only witness to testify at the public hearing was the appellant's design engineer. In the instant case, evidence was presented from experts retained both by the applicant and by the wetlands agency, in addition to a King's Mark Environment Review Team Report. (ROR, Exh. 36).
The agency must not disregard the only expert evidence on an issue when agency members lack their own expertise or knowledge;Tanner v. Conservation Commission, 15 Conn. App. 336, 341 (1988); but clearly, non-experts may offer reliable and substantial evidence. Kaeser v. Conservation Commission, 29 Conn. App. 309,315-16 (1989). Bradley, 28 Conn. App. at 54.
In evaluating whether the conclusions reached meet the substantial evidence standards, the credibility of witnesses is a mater within the province of the administrative agency. Huck v.Inland Wetlands Watercourses Agency, 203 Conn. at 540-41. "An administrative agency is not required to believe any witness, even an expert." Id. at 542; Manor Development Corporation v.Conservation Commission, 180 Conn. 692, 697 (1980). CT Page 1455
The supreme court has held that lay commission members are not to be held to exacting standards of elegance in stating their reasons. Hlavati v. Board of Adjustment, 142 Conn. 659, 665; Couch v. Zoning Commission, 141 Conn. 349, 358 (1954). Consequently, in reviewing the defendant Commission's statement of reasons, the court views each reason in the overall context of the record and the manner in which it had been presented to the Commission.
The reasons stated by the Commission are as follows:
1. Lack of clarity as to exact location, elevation and construction details of storm water outflow.
2. The wetlands locations on adjacent properties not determined and therefore potential impacts cannot be evaluated.
3. Primary and secondary septics are within a regulated area, and no alternatives are provided.
4. Streambelt delineation is not provided on the maps or addressed by the applicant.
5. Soils data provided is incomplete and without adequate field marking so proper identification of wetlands could not be determined.
6. Pre- and post-runoff analysis of storm water volume and quality is not provided by the applicant as suggested by commission consultants.
A review of the record discloses that there was evidence before the Commission which it could accept justifying its decision. Accordingly, the appeal is dismissed.
HON. WALTER M. PICKETT, JR. State Judge Referee