MEMORANDUM OF DECISION RE MOTION TO REOPEN AND SET ASIDE JUDGMENT
On February 7, 2000, based on the consent of both parents and the best interests of the minor children, the court ordered a termination of the parental rights of Belinda F. to her two children, Dustin and Belinda F. and of Harold P., the father of Belinda. Also ordered were a termination of the parental rights of John Doe, the putative unknown father of Dustin. On March 29, 2000, the court received a handwritten communication from the respondent mother alleging that she was not in her right mind when she consented to the termination of her parental rights. Treating her communication as a motion to reopen and set aside the judgment, the court set the matter down for hearing. The hearing was held on May 8, 2000, at which time counsel and the respondent parents appeared. For the reasons set forth below, the court denies the motion.
 1. Law re reopening and setting aside judgment after the entry of judgment.
Connecticut General Statutes § 52-212a provides:
 "Unless otherwise provided by law and except in such cases in which the court has continuing jurisdiction, any civil judgment . . . rendered in the superior court may not be opened . . . unless a motion to open . . . is filed within four months succeeding the date on which it was rendered or passed."
Unless the parties waive this time limitation, the trial court lacks jurisdiction to entertain a motion to open filed more than four months after a decision is rendered." Van Mecklenburg v. Pan American WorldAirways, Inc., 196 Conn. 517, 518, 494 A.2d 549 (1985). CT Page 6730
In the context of termination proceedings, the Supreme Court in In reBaby Girl B., 224 Conn. 163, 287 (1992) held that:
 "a judgment on a petition for the termination of parental rights is a civil judgment for the purposes of § 52-212a. Even after the expiration of the appeal period, the trial court has continuing jurisdiction, within the authority conferred by § 52-212a, to open a judgment terminating such parental rights."
 2. Facts and Discussion:
Thus, the court concludes that it can entertain the motion filed by the respondent mother. Turning to the issues raised by the mother, the court has marked her letter as Court's exhibit 1. In this letter to the court, the respondent mother asserts that she was not in her right mind when she consented. No evidence was presented on the issue of her claimed mental state on December 30, 1999. The record of her canvass and her responses to the questions asked her by the court on December 30, 1999 reveal a lucid person who responded logically and cogently. The court so finds.
Counsel for the mother represented to the court, as an officer of the court with an obligation of candor toward the tribunal, that he knew of no facts warranting this motion. He sought and was granted permission to withdraw his appearance for the mother. The father was excused as his rights had been terminated and he had not appealed the court's decision or filed any post-judgment motions.
At the hearing, the mother asserted for the first time that she believed that she would have access to her children post-judgment. She alleged that this was the only reason she had consented to the termination of her parental rights. She acknowledged that she responded in the affirmative to questioning by the court during her canvass on December 30, 1999. She claims she answered "yes" to all questions directed to her only because of her belief in future contact with her children. No further issues were raised by the respondent mother.
Both counsel for the petitioner and counsel for the minor children represented that they knew of no "open adoption" agreement and that the respondent mother had been canvassed in detail about her understanding of the consequences of her consent to termination. Counsel for the children indicated it was in the best interests of the children that the judgment remain as entered. The transcript of the hearing of December 30, 1999 also reveals no information about any so-called "open adoption" or any representations by counsel about post-judgment contact with the minor CT Page 6731 children. On December 30, 1999, the court found her consent to be knowingly and voluntarily made, with the advice and assistance of competent counsel. At no time did any one at the hearing on that date advise the court that such post judgment contact with the minor children was contemplated. Given the inconsistency between the grounds alleged in the respondent mother's motion, her representations at the hearing and the reports of counsel, the court concludes that the allegations concerning any post-judgment contact are not credible.
As there are no facts warranting the reopening of the judgment, the court denies the motion to reopen and set aside the judgment of February 7, 2000.
 Barbara M. Quinn, Presiding Judge Child Protection Session