JOSEPH CONSOLINI ET AL. *v.* INLAND WETLANDS
COMMISSION OF THE CITY OF TORRINGTON ET AL..
(10552)

DUPONT, C. J., DALY and O'CONNELL, Js.

Argued June 15—decision released September 8, 1992

*Maureen E. Donahue,* for the appellants (plaintiffs).

*Albert G. Vasko,* corporation counsel, for the appellee
(named defendant).

*Brian R. Smith,* with whom was *John F. Besozzi,* for the appellee (defendant Torringford Commercial Associates).

O'CONNELL, J. The plaintiff[1] appeals to this court from the trial court's decision dismissing his appeal to the Superior Court from the decision of the Torrington inland wetlands commission (commission) that allowed the defendant Torringford Commercial Associates to proceed with the development of a parcel of land. The plaintiff claims that the trial court improperly dismissed his appeal because (1) the approval of two previous permits by the commission allowing Torringford to develop the parcel of land did not excuse the commission's failure to require a permit application for the revised development plan, (2) the commission reversed its decision that would have required a third permit application without any evidence demonstrating a change of conditions or intervening considerations, and (3) the trial court improperly allowed the inland wetlands enforcement officer to testify. We affirm the trial court's decision.

The following facts are pertinent to this appeal. In April, 1988, Torringford applied to the commission for a permit to conduct certain activities, including the creation of two retention ponds in a wetland. The permit application was submitted in connection with Torringford's planned development and construction of a 300,000 foot shopping mall to be known as "Litchfield Hills Mall." In July, 1988, the commission approved Torringford's wetland permit application. Specifically, the permit allowed for the creation of the two deten-

---

[1] The trial court found that only Ronald Clifford was an aggrieved party. Thus, the other plaintiffs are not parties to this appeal and any reference to the plaintiff hereinafter refers to Clifford only. Further, the commissioner of the department of environmental protection filed an appearance and a brief in the trial court. When the plaintiff filed this appeal, however, the court granted the commissioner's motion to withdraw.

tion ponds, and the placement of fill for beams, installation of piping, riprap, plunge pools and swales for storm drainage. In January, 1989, the commission issued a companion permit allowing construction of a driveway and the increase of wetlands within detention basin number two. No appeal was taken from either permit approval, and both permits remained valid throughout these proceedings.

Prior to January 23, 1990, Torringford submitted a plan to the commission for "Litchfield Hills Plaza," which was a scaled down version of the initially proposed development. Torringford submitted this plan to the commission to ascertain whether a third permit application would be required for the development proposed on the same parcel of land. The matter was scheduled for the commission's January 23, 1990 meeting at which counsel for the plaintiff appeared and argued that a new application should be required because the plan was substantially different than the two outstanding permits. Torringford was not present. The plaintiff's counsel proved convincing in her unopposed role and the commission voted to require a reapplication by Torringford.

The plot thickens, however, because Torringford's absence was not the result of inadvertence, disinterest or negligence on its part. Through mistake or misadventure, Torringford had been erroneously informed by an inland wetlands commissioner that its plan would not be on the agenda of the January 23 meeting.[2] Upon learning that information, the commission rescheduled the matter for its February 27, 1990 meeting in order that both sides could be properly heard.

---

[2] Minutes of the commission's February 27, 1990 meeting indicate that one commissioner explained that Torringford had been told that its item would not be on the January 23, 1990 agenda and the commission chairman apologized to Torringford for "the confusion."

On February 27, the matter again appeared on the commission's agenda. This time both Torringford and the plaintiff were represented and heard at this meeting. Torringford's oral and written evidence explained that the project was a scaled down version of the previous plan for which it already held two permits. As such, Torringford contended that a new permit was not required. The commission then voted to reverse its prior decision requiring a new permit. The plaintiff appealed this decision to the Superior Court, which dismissed the appeal. Additional facts will be included in the following discussion.

I

The plaintiff first claims that the effect of the trial court's dismissal of his appeal was to allow the commission discretion to allow regulated activity in a wetland without requiring a permit application in violation of our Inland Wetlands and Watercourses Act. General Statutes § 22a-36 et seq.; see General Statutes § 22a-42a (c).[3]

The wetlands statute delegates the power to regulate wetlands and watercourses within its territorial limits to the municipality. It is well settled that a commission empowered to regulate the wetlands within its jurisdiction is afforded discretion in carrying out its duties. *Red Hill Coalition, Inc.* v. *Conservation Commission*, 212 Conn. 710, 722, 563 A.2d 1339 (1989).

Our statute prohibits any person from conducting any regulated activity within the wetland area without a permit. General Statutes § 22a-42a (c). Torringford's

---

[3] The pertinent part of General Statutes § 22a-42a (c) provides: "[N]o regulated activity shall be conducted upon any inland wetland and watercourse without a permit. Any person proposing to conduct . . . a regulated activity upon an inland wetland and watercourse shall file an application with the inland wetlands agency of the town or towns wherein the wetland in question is located. . . ."

plan is indisputedly a regulated activity as defined by General Statutes § 22a-38 (13).[4] The specific question raised by the facts in the present case is whether the commission properly decided that the new and downsized plan was within the scope of the two permits which had already been issued. This was a question of fact to be determined by the commission which possessed expertise in this technical area. See *Cannata* v. *Department of Environmental Protection,* 215 Conn. 616, 625, 577 A.2d 1017 (1990). Administrative appeals are in general determined by the record before the trial court. *Leib* v. *Board of Examiners for Nursing,* 177 Conn. 78, 92, 411 A.2d 42 (1979). The trial court may not retry the facts but must search the record in order to determine if it supports any reason given for the agency's decision. See *Huck* v. *Inland Wetlands & Watercourses Agency,* 203 Conn. 525, 530, 525 A.2d 940 (1987). In the present case, the court recognized that the commission heard conflicting evidence but held, nevertheless, that evidence before the commission supported a finding that an application and permit for the new downsized plan did not require another application and permit in light of the fact that the commission had previously issued two wetland permits for the same area.

## II

The plaintiff next claims that the trial court improperly dismissed his appeal because the commission reversed its prior decision requiring a third permit without any evidence demonstrating a change of conditions or intervening considerations. Our Supreme Court has consistently held that, " '[o]rdinarily, an administrative agency cannot reverse a prior decision unless there

---

[4] General Statutes § 22a-38 (13) defines regulated activity as "any operation within or use of a wetland or watercourse involving removal or deposition of material, or any obstruction, construction, alteration or pollution, of such wetlands or watercourses [but excluding certain permitted uses]."

has been a change of conditions or other considerations have intervened which materially affect the merits of the matter decided.' " *Grillo* v. *Zoning Board of Appeals,* 206 Conn. 362, 367, 537 A.2d 1030 (1988); see *Strong* v. *Old Lyme,* 28 Conn. App. 435, 611 A.2d 427 (1992).

Because Torringford was told by a member of the commission that the matter would not be addressed at the January meeting, no representative of Torringford appeared at that meeting. John Larson, a representative of Torringford, however, did appear at the February meeting and presented both oral testimony and written evidence addressing the commission's concerns. The trial court found that the information put before the commission by Larson constituted both a significant change in conditions and intervening considerations that allowed the commission to reverse its prior decision. We agree with the trial court.

## III

The plaintiff's last claim on appeal is that the trial court improperly allowed the inland wetlands enforcement officer Edward Lukacovic to testify about the information not contained in the administrative record. The plaintiff also argues that the trial court improperly allowed Lukacovic's written affidavit into evidence.

We need not reach this claim. The trial court's finding that "[t]he Commission was presented with and the record reflects sufficient evidence to support the Commission's decision not to require [Torringford] to submit a new wetland application" is dispositive of the matter. Whether additional evidence was improperly admitted by the trial court could not retroactively affect a decision properly reached by the commission.

The judgment of the trial court is affirmed.

In this opinion the other judges concurred.