[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In 1986, the plaintiff, Giovanna Caseria, received a variance of a zoning regulation proscribing the sale of liquor within a radius of 1500 feet of other premises where liquor was sold. The 1986 variance authorized the sale of wine and beer only. In 1991, the plaintiff applied for a variance eliminating the restriction on the sale of CT Page 7362 wine and beer only. The defendant, the Zoning Board of Appeals (board) granted the application with the condition that liquor could be sold from the service bar only.
The present proceeding arose when the plaintiff, proceeding without an attorney, applied to the board to remove the restriction so that she could install a sit-down bar. The plaintiff did not designate the particular nature of her application, although she did claim a hardship. After a public hearing the board's votes were split two to two. Accordingly, the application was not approved.Merlo v. Planning Zoning Commission, 196 Conn. 676, 682-83,495 A.2d 268 (1985); see Huck v. Inland Wetlands and Watercourses Agency,203 Conn. 535, 533, 525 A.2d 940 (1987); Hall v. Planning ZoningBoard, 153 Conn. 574, 576, 219 A.2d 445 (1966); Lupinacci v. Planning Zoning Commission, 153 Conn. 694, 696, 220 A.2d 274 (1966); Jago-Fordv. Planning Zoning Commission, 34 Conn. App. 402, 403-04,642 A.2d 14 (1994); Fuller, Land Use Law Practice (West 1993) §§ 4.2, 21.7. Those voting against the applications stated that their reasons were that: (1) "The petitioner failed to present an exceptional difficulty or unusual hardship owning to conditions directly affecting this parcel of land" and (2) "The establishment of a sit-down consumer bar area within this existing restaurant liquor licensed facility would adversely affect this conduct of the restaurant use for which it was originally approved."
The plaintiff appealed to this court. Since she is the lessee of the premises as well as the permittee on the liquor permit, the court finds that she is aggrieved and has standing to appeal. Primerica v.Planning Zoning, 212 Conn. 85, 558 A.2d 646 (1989).
The parties dispute the nature of the plaintiff's application. The board claims that the application sought a variance and that the plaintiff, therefore, was required to satisfy the requirements for a variance. The plaintiff asserts that she sought a change in the conditions imposed on the variance. Determining the legal nature of the application is critical because that determines what the plaintiff was required to prove and whether the reasons for the board's decision are legally pertinent.
"[A] variance is authority extended to the owner to use his property in a manner forbidden by the zoning enactment." MitchellLand Co. v. Planning Zoning Board, 140 Conn. 527, 532, 102 A.2d 316
(1953). The supreme court repeatedly has "held that the authority of zoning board of appeals to grant a variance under General Statutes8-6 (3) requires the fulfillment of two conditions: (1) the variance CT Page 7363 must be shown not to affect substantially the comprehensive zoning plan, and (2) adherence to the strict letter of the zoning ordinance must be shown to cause unusual hardship unnecessary to the carrying out of the general purpose of the zoning plan." (Internal citations omitted.) Grillo v. Zoning Board of Appeals, 206 Conn. 362, 368,537 A.2d 1030 (1988).
There is no question that the plaintiff was not and is not seeking a variance. The substance of the plaintiff's application was that the condition of the 1991 variance be removed.[1] There is no zoning regulation prohibiting a sit-down bar. There is a regulation prohibiting the sale of liquor within 1500 feet of another establishment which sells liquor, but that regulation has been varied for the plaintiff and is not at issue in this case. Since the plaintiff did not seek authority to use her property in a manner proscribed by the zoning regulations, she was not obliged to prove that adherence to the strict letter of the zoning ordinance causes unusual hardship unnecessary to the carrying out of the general purpose of the zoning plan. Grillo v. Zoning Board of Appeals,
supra, 206 Conn. 568; but see Giamei v. Board of Zoning Appeals,
Superior Court, JD of Ansonia-Milford at Derby, No. 42407 (1993) ("The conditions imposed, [on a variance] unless unreasonable, are part and parcel of the variance. Therefore, the same threshold must be crossed by the plaintiffs in this case as if they were requesting a completely new variance, instead of requesting modification of the previous variance.") The substance of the plaintiff's application was that the condition of the 1991 variance — that liquor be vended only from the service bar — be removed.
"A zoning board of appeals may without express authorization attach reasonable conditions to the grant of a variance. . . . Were it not for the conditions imposed by a board of appeals, variances might not be supportable as being in harmony with the general purpose and intent of the zoning ordinance. . . ." (Citations omitted.)Burlington v. Jencik, supra, 168 Conn. 509-10.
A zoning board of appeals may reverse its prior decision when there is a material change in circumstances. Grillo v. Zoning Boardof Appeals, supra, 206 Conn. 367; Consolini v. Inland WetlandsCommission, 29 Conn. App. 12, 16, 612 A.2d 803 (1992). The condition attached to a variance must be reasonable. Vaszauskas v. ZoningBoard of Appeals, supra, 215 Conn. 65. This court holds that an applicant who seeks the modification of a condition attached to a variance must show that a material change in circumstances has made the condition unreasonable. See Ford v. Zoning Hearing Board,
CT Page 7364 151 Pa. Cmwlth. 323, 616 A.2d 1089, 1092
(1992).
"Local zoning boards are vested with a liberal discretion.Pleasant View Farms Development, Inc. v. Zoning Board of Appeals,218 Conn. 265, 269, 588 A.2d 1372 (1991). A trial court must, however, review the decision of the zoning board of appeals to determine if the board acted arbitrarily, illegally or unreasonably."Wnuk v. Zoning Board of Appeals, 225 Conn. 691, 695-696, 626 A.2d 698
(1993). "[W]here a zoning commission has stated reasons for its decisions, the court should not go behind that official collective statement . . . [and] attempt to search out and speculate upon other reasons which might have influenced some or all of the members of the commission to reach the commission's final collective decision."Kaufman v. Zoning Commission 232 Conn. 122, 142, 653 A.2d 798 (1995).
The board members voting against the plaintiff provided two reasons for denying the application: (1) "The petitioner failed to present an exceptional difficulty or unusual hardship owning to conditions directly affecting this parcel of land" and (2) "The establishment of a sit-down consumer bar area within this existing restaurant liquor licensed facility would adversely effect this conduct of the restaurant use for which it was originally approved."
The first reason for denying the application is irrelevant because, as discussed supra, hardship is not an element that the plaintiff has to demonstrate to qualify for a change in condition attached to a variance.
The second reason, however, is fairly referable to the issue of whether a material change in circumstance has made the condition unreasonable. In that reason, the board indicated that the variance to sell liquor had been intended to be ancillary to and supportive of the restaurant use. In effect, the board here stated that nothing had changed which would obviate the adverse effect that a "sit-down" bar would visit on that use. Otherwise stated, the board implicitly found that while the operation of a restaurant with a full liquor permit would not affect substantially the comprehensive zoning plan, a bar would dwarf the restaurant use and that circumstances had not so changed that such a bar would not affect substantially the comprehensive zoning plan. As stated supra, a variance must be shown not to affect substantially the comprehensive zoning plan. Grillo v. Zoning Board of Appeals, supra,206 Conn. 368. The board's discharge of its responsibilities "`does not depend upon the incantation of certain magic words.'" State v. Toth,29 Conn. App. 843, 852, 618 A.2d 536 (1993), quotingState v. Barton, 219 Conn. 529, 549, 594 A.2d 917
CT Page 7365 (1991); See Struckman v. Burns, 205 Conn. 542, 555, 534 A.2d 888
(1987); State v. Lawson, 23 Conn. App. 358, 364, 580 A.2d 87 (1990);State v. Sergi, 7 Conn. App. 445, 450, 509 A.2d 56 (1986). "It must be borne in mind, however, that we are dealing with a group of laymen who may not always express themselves with the nicety of a Philadelphia lawyer. Courts must be scrupulous not to hamper the legitimate activities of civic administrative boards by indulging in a microscopic search for technical infirmities in their actions."Couch v. Zoning Commission, 141 Conn. 349, 358, 106 A.2d 173 (1954); see also Pecora v. Zoning Commission, 145 Conn. 435, 445, 144 A.2d 48
(1958). "[A] local land use body is composed of laymen whose procedural expertise may not always comply with the multitudinous statutory mandates under which they operate." Gagnon v. InlandWetlands Watercourses Commission, 213 Conn. 604, 611, 569 A.2d 1094
(1990); see also Samperi v. Inland Wetlands Agency, 226 Conn. 579,589, 628 A.2d 1286 (1993). "It is too much to expect that laymen serving gratuitously on local administrative bodies will prepare with meticulous detail a finding of facts and ultimate conclusions after the manner of courts of law." Dubiel v. Zoning Board of Appeals,147 Conn. 517, 522, 162 A.2d 711 (1960). In addition, a review of the relatively short record reflects that the plaintiff neither claimed nor proved a material change in circumstances.
"The court's review is based on the record, which includes the knowledge of the board members gained through personal observation of the site . . . or through their personal knowledge of the area involved. Burnham v. Planning Zoning Commission, 189 Conn. 261,267, 455 A.2d 339 (1983). Where, a zoning authority has expressed the reasons for its decision, a reviewing court may only determine if the reasons given are supported by the record and are pertinent to the decision, and the authority's action must be sustained if even one of the stated reasons is sufficient to support it." (Internal quotation marks and citations omitted.) Connecticut Health Facilities, Inc. v.Zoning Board of Appeals, 29 Conn. App. 1, 10, 613 A.2d 1358 (1992). Since the second reason cited by the board for denying the plaintiff's application is relevant to the criteria by which the application was to be judged and because the board did not act illegally, arbitrarily or in abuse of its discretion in finding as it did in that second reason, the appeal is dismissed.
BY THE COURT Bruce L. Levin Judge of the Superior Court