[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS OF DEFENDANTS. HARVEY FELDMANAND HARVEY FELDMAN. D/B/A
This appears to be a case of first impression in the State of Connecticut, at least as to Inland Wetlands Agencies and Commissions. CT Page 945
On or about June 17, 1996, the defendant, Harvey Feldman and/or Harvey Feldman (Avalone, L.L.C.) hereinafter also "Feldman", applied to the defendant Vernon Inland Wetlands Commission, hereinafter also "Commission", for a permit to work in, or drain into, a wetlands or regulated area concerning his proposal to build an industrial building on the south side of Hartford Turnpike (Rte. 30) in Vernon, Connecticut. No public hearing was held and no notice of a public meeting to be held on June 25, 1996 to consider the application was published in the newspaper. The applicant and his associates appeared at the meeting. The plaintiff did not. On June 25, 1996 the Commission approved the application unanimously, and notice thereof was published in the Journal Inquirer on July 5, 1996.
On or about July 17, 1996 the plaintiff submitted to the Commission a verified intervention petition in regard to the subject application, and on July 18, 1996 the plaintiff filed a petition for reconsideration of the Commission's decision. The petition was placed on the Commission's agenda for August 27, 1996. At the public meeting of August 27, 1996, after hearing from the plaintiff and his attorney, the Commission voted to deny the motion for reconsideration. On September 5, 1996, the plaintiff appealed said denial to this court.
On October 30, 1996, Feldman filed a motion to dismiss the appeal claiming the court lacks subject matter jurisdiction to hear this appeal and filed a memorandum of law with it. Plaintiff then filed an objection to the motion to dismiss with accompanying memorandum on November 13, 1996 and a substituted memorandum of law on November 27, 1996. Brief oral argument was heard on December 9, 1996 and, then, the court granted the parties' request to have the court take the matter "on the papers".
Defendants claim that there is no authority to take an appeal from the denial of a motion to reconsider and that the appeal period from the original decision had expired without plaintiff taking an appeal therefrom.[1] Plaintiff's claim in opposition is essentially that the vote to deny reconsideration is a decision of the Commission, from which an appeal can be taken.
The dispositive issue in this case, then, is whether a decision by an Inland Wetlands Commission denying a motion to reconsider is a decision which can be appealed. In Tazza v.CT Page 946Planning Zoning Commission, 164 Conn. 187, 190 (1972) the court stated "Appeals to the courts from administrative officers or boards exist only under statutory authority and unless a statute provides for such appeals, courts are without jurisdiction to entertain them." Connecticut General Statutes § 22a-43 is the statute that authorizes an appeal from ". . . any regulation, order, decision or action made pursuant to sections 22a-36 to22a-45. . . ."
The defendants, Feldman, claim that the regulations, orders, decisions and actions which Inland Wetlands Commissions are authorized to make under these statutes are limited to:
1. Establishment and change of wetlands boundaries 22a-42a
2. Adoption and amendment of regulations 22a-42a(b)
3. Granting of a wetlands permit 22a-42a(c)
4. Suspension or revocation of a permit 22a-42a(d)
and that a motion to reconsider is not one of them. Plaintiff claims that such a motion is such an action or decision from which an appeal can be taken. Plaintiff further claims that Feldman's motion to dismiss does not claim the appeal was not timely taken. However, Feldman's memorandum in support of his motion claims that notice of the original approval was July 5, 1996 and that the plaintiff did not appeal within the required fifteen days (by July 20, 1996). The record is clear that no appeal was ever taken from said original approval, but, rather, it was taken from the denial of the motion to reconsider. The timeliness of that appeal is not in dispute, but whether the denial of the motion to reconsider is an appealable decision is in dispute.
Plaintiff also claims that the commission has the power to reconsider a permit approval or suspend a previously granted approval under CGS § 22a-42a(d). However, that statute is not applicable here. It applies to situations where ". . . the applicant has not complied with the conditions or limitations set forth in the permit or has exceeded the scope of the work as set forth in the application," which is not involved in the case at bar.[2]
As to the main issue here, whether the Commission can CT Page 947 reconsider its decision, plaintiff appears to rely primarily onConsolini v. Inland Wetlands Commission, 29 Conn. App. 12 (1992) and Feldman on the recent case of Sharp v. Zoning Board ofAppeals (mentioned in oral argument by Feldman),43 Conn. App. 512, 526 (November, 1996) as well as on Allied Plywood v.Planning and Zoning Commission of the Town of South Windsor,2 Conn. App. 506, 509, Footnote 3. (1984).
In Allied Plywood the court held that because there was no requirement for publication of the decision ". . . it follows that Allied had no right of appeal." This holding is applicable here. Although the original decision was noticed by publication on July 5, 1996, there was no requirement for the publication of notice of the denial of the motion for reconsideration. Therefore, plaintiff has no right of appeal of said denial, and for that reason alone, the appeal should be dismissed.[3]
In Sharp v. Zoning Board of Appeals, supra, the court held that "once the board published notice of its decision, its decision was final and could not be reopened." Although this case allows the board to reopen its decision before publication if certain conditions are met, in the case at bar the notice of the original decision was published on July 5, 1996, and the plaintiff's petition for reconsideration wasn't filed until July 18, 1996. Plaintiff attempts to distinguish Sharp from the case at bar on three grounds:
 1. The case at bar is a wetlands matter, not a zoning matter. Although this true, the reasoning of the court in Sharp applies equally to inland wetlands matters, and in the case at bar, this court finds that the same reasoning and result as in Sharp should and does apply here.
 2. Unlike Sharp, the plaintiff here filed a 22a-19
intervention petition and raised new issues. The court does not find this to be a material difference with Sharp. Plaintiff could still have taken an appeal from the June 25, 1996 decision using essentially the same arguments as in the petition for reconsideration but chose not to do so.
 3. In Sharp there was by law a public hearing while in the case at bar the decision for which reconsideration was sought was based upon a public meeting without the CT Page 948 due process protections of a public hearing. There is no reference to this issue in Sharp. Under the inland wetlands statutes and the commission's regulations there was no requirement for a public hearing unless the Commission determined, inter-alia, "That the proposed activity may have a significant impact on wetlands, watercourses." Section 4.4.5 of the Commission regulations. There is nothing in the record that indicates the Commission made such a determination, and, of course, plaintiff still had his right of appeal from the June 25, 1996 decision published on July 5, 1996. This certainly protected his due process rights. Accordingly, the court finds the difference claimed by plaintiff to be a distinction without a material difference. Therefore, the court finds the ruling in Sharp not to be distinguishable and that Sharp is applicable to the case at bar.
Plaintiff relies on Consolini, supra, which states (pgs. 16 
17) that "Our Supreme Court has consistently held that `ordinarily, an administrative agency cannot reverse a prior decision unless there has been a change of conditions or other considerations have intervened which materially affect the merits of the matter decided.'" However, in Sharp, supra, the court clearly held that the board may open its decision for good cause only before publication of its decision. Pg. 526. Because inSharp, the board opened its decision after the publication of notice, "it is unnecessary to decide whether the board had good cause or justification to open its decision." Since this court has applied Sharp to the case at bar, and the reopening here could not have happened prior to the publication, the petition having been filed after publication, the ruling under Sharp
precludes a reopening or reconsideration after publication for any reason. Applying Sharp to the facts of this case, the Commission could not have reopened or reconsidered its decision after July 5, 1996 for any reason. Further, in Consolini, there is no indication as to whether the Commission's reversal was before or after publication.
Assuming arguendo, however, that Consolini would apply, what is the intervening consideration which materially affects the merits of the matter decided?[4] The thrust of plaintiff's argument is that the application was incomplete and that the commission did not wait for and consider a report by the Conservation Commission. The court finds that the allegations of an incomplete application is not an intervening consideration CT Page 949 which materially affects the merits of the matter decided. Under the Commission's published rules in effect at the time of decision of June 25, 1996 the Commission was required to consider "Any reports from other agencies and commissions deemed relevant by the Conversation Commission."[5] The Conservation Commission did not meet until July 15, 1996, and, therefore, there was no report to the Commission at the time of the decision, June 25, 1996. One was never provided since by July 15, 1996, the Conservation Commission considered the issue moot. The court finds that this failure to consider the Conversation Commission's report is not an intervening consideration materially affecting the merits of the matter decided, for the following reasons:
 1. The wording of the regulation is ambiguous and inconsistent. It would appear that the reports to be considered are from other agencies and commissions deemed relevant by the Conservation Commission. Does that include the Conservation Commission's own report? Perhaps, it does, but it is not clear. Further, why would the Conservation Commission make the decision as to what reports from other agencies and commissions are relevant? That was clearly a decision to be made by the Inland Wetlands Commission. The wording was clearly incorrect and did not fulfill the intent of the Inland Wetlands Commission that noticed it and cleared up this obvious error in its July 1, 1996 regulations.
 2. A determination of relevance by the Inland Wetlands Commission is discretionary and, therefore, the reports are only advisory.
 3. Paragraphs 4, 5, 6 and 8 of the letter of approval dated June 26, 1996 (ROR #12) sets forth conditions of approval giving the Commission control over those matters which would be the subject of any Conservation Commission report,[6] and, therefore, the absence of a Conservation Commission report did not materially affect the merits of the matter decided. Plaintiff can still demand that the Commission enforce these conditions.
For all of the foregoing reasons, the court lacks subject matter jurisdiction to hear the subject appeal. Accordingly, the motion to dismiss dated October 29, 1996 is granted.
Rittenband, J. CT Page 950