[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff brought this administrative appeal from the decision of the defendant February 3, 1987 denying its application for a certificate of need to add coronary angioplasty to the services provided with a capital expenditure of $1,004,883. On appeal, plaintiff presented testimony of its Senior Vice President. Based on the evidence, the court finds plaintiff is, in fact aggrieved.
Plaintiff seeks to have defendant's decision overturned on the grounds that the commission failed timely to act on the application. Conn. Gen. Stat. 19a-154 and 19a-155 provide that such failure is deemed approval of the application. Plaintiff further argues CT Page 3252 that the decision is not supported by the record and is, therefore, arbitrary and in abuse of the agency's discretion.
Plaintiff submitted its application to defendant and to Health Systems Agency of North Central Connecticut on March 10, 1986. On March 14, the Health Systems Agency submitted forty completeness questions to plaintiff. Plaintiff responded to them. On April 5, 1986, the Health Systems Agency submitted an additional eleven completeness questions to plaintiff which it answered on April 16. On May 8, the Health Systems Agency deemed the application complete. Under Conn. Gen. Stat. 19a-155 (a), a request for approval of a capital expenditure exceeding $714,000 must be submitted to the appropriate health systems agency "at least thirty days prior to submission to" the defendant. On June 6, defendant notified plaintiff that "the ten day incompleteness review period" pursuant to Conn. Gen. Stat 19a-155 (a) and 19a-160-53 of the Regulations of Connecticut State agencies would begin on June 7, 1986. On June 20, defendant submitted 46 questions to plaintiff following its review pursuant to 19a-160-53. Plaintiff responded to those questions on July 24, 1986. On August 7, 1986, defendant posed seven questions to plaintiff regarding the open heart surgery aspect of its application and forty-four questions requesting additional information. On September 11, plaintiff's responses were received by defendant. On September 25, defendant posed 20 questions regarding the responses to the seven questions posed regarding the open heart back up program and requested additional information regarding seven of the responses to its August 7 questions. Defendant received plaintiff's responses on October 23, 1986. Defendant deemed the application complete and thus filed with it on October 23, 1986.
Defendant argues that 19a-160-53 (b) allows such a procedure. That section provides;
 All deficiencies in any filed . . . application to the commission shall be brought to the attention of the . . . applicant in a written communication mailed . . . not later than ten (10) business days after receipt of the . . . application . . . and the application . . . shall be no longer before the commission.
As the Supreme Court pointed out in Commission on Hospitals Health Care v. Stamford Hospital, 208 Conn. 663. 671 (1900) that regulation "limits the commission to one deficiency letter. If the applicant complies with the specific requests for additional information, the commission cannot thereafter raise unrelated claims of deficiencies in the application." Defendant argues that plaintiff's failure to seek relief from the Commission itself precludes it from relying on the impropriety of the second and third sets of completeness questions. While the Supreme Court pointed out in Stamford Hospital that a petition for a declaratory ruling was available to test the CT Page 3253 propriety of the request for further information, 208 Conn. at 672, the Court did not state that the failure to do so precludes the claim made here. Despite plaintiff's argument that the ten day review period began when the Health Systems Agency deemed the application complete May 8, that determination commenced the running of the 30 day period after which it could be submitted to defendant. Conn. Gen. Stat. 19a-155 (a). The ten day review period began June 7 and defendant mailed its first letter on June 20, 1986, the tenth business day thereafter.
The court's review of the questions posed in the second and third sets of questions reveals that the first seven questions posed on August 7 did not relate to the responses received on July 24, nor did several of the other 44 questions posed. As for the questions posed on September 25, several addressed responses received on July 24, others are not addressed to prior responses but ask new questions that might have been asked earlier. What is unknowable at this point is whether elimination of the later and improper questions would have reduced the time it took plaintiff to respond. Since some of the later posed questions did, in fact, relate to the July 24 responses and those of September 11, the court cannot find that further inquiry was totally inappropriate. While the court sympathizes with plaintiff's concern that defendant needlessly postponed the review process, it cannot find that its sole motive was delay. While plaintiff did respond to the specific requests made to it on June 20, the later inquiries were not wholly "unrelated claims, " but did include questions related to the responses. The court finds, therefore, that the decision was rendered timely.
Plaintiff next challenges the support found in the record for defendant's decision. It argues that the commission substituted its lay judgment for the expert opinion evidence offered by plaintiff. See Feinson v. Conservation Commission, 15 Conn. App. 336 (1988). The court's role on appeal is a limited one. The court cannot either retry the case or substitute its judgment for that of the commission. Griffin Hospital v. Commission on Hospitals Health Care, 200 Conn. 489,496 (1986) and cases cited therein. The Supreme Court in that case also recognized the expertise of the Commission and its staff. Id at 497. There is a difference between using that expertise to evaluate evidence presented and using that expertise to obviate the need for expert testimony. See Levinson v. Board of Chiropractic Examiners, 211 Conn. 508 (1989) and Connecticut Natural Gas Corp. v. PUCA (1981). While the commissioner who presided at the hearing in this case and who signed the proposed decision was the public member of the commission, she did have the assistance of staff of the commission. Conn. Gen. Stat. 19a-148. Further, the two other commissioners are required by statute to have experience in financial management and the health care profession. Conn. Gen. Stat. 19a-146
under the Uniform Administrative Procedures Act, Conn. Gen. Stat.4-178, the commission's "experience, technical competence and CT Page 3254 specialized knowledge may be utilized in the evaluation of the evidence. While plaintiff offered substantial evidence in support of its application, the defendant was not obliged to believe all of it. The court's review of the eight volumes of the record as well as the fifty-eight page proposal for decision reveals that the factual findings are supported in the record.
More troubling is the commission's failure to comply with Conn. Gen. Stat 4-179 by affording plaintiff an opportunity to file exceptions and present briefs and oral argument to the commission. Plaintiff did not waive compliance with that section. The proposal or decision was sent to plaintiff on January 30, 1987. The commission met to consider it on February 3, 1987, a Tuesday. January 30 was a Friday. While plaintiff's counsel was allowed to make comments on the proposal and did do so, there was no opportunity for filing briefs on exceptions. In light of the complexity of the issues and the novelty of plaintiff's proposal, as well as the issues briefed on this appeal, plaintiff was and is entitled to the opportunity afforded by Conn. Gen. Stat. 4-179.
For that reason the appeal is sustained and the matter remanded to defendant to allow compliance with 4-179.
SUSCO, J.