[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this administrative appeal, the plaintiff appeals from the decision of The Inland Wetland Agency of the Town of Mansfield (IWA) denying plaintiff's application for a permit to subdivide a parcel of land approximately 8.29 acres in size into residential building lots, shown as 27A, 27B, 27C, 27D and 27E on a map entitled Resubdivision Plan, Gifford Estates. (Record Item 3).
The stated reasons for the denial was — "based on a perception of significant potential impact on Lot 27E for which reasonable and prudent alternatives may exist. In addition, it is not stated that there are no rare or endangered plant species present."
At the Court hearing it was stipulated that the plaintiff is the owner of the property involved and was the applicant for the permit. From these stipulated facts the Court finds that the plaintiff is aggrieved by the IWA decision.
Plaintiff claims that the stated reason for the rejection — a perception (emphasis added) of significant potential impact — is too nebulous or vague to be a valid basis for denial. Section 6.1(2) of the Inland Wetlands and Watercourses Regulations of the Town of Mansfield directs that a public hearing review is available if the IWA preliminary finds a potential for significant impact. Plaintiff argues that a decision based on "perception" of significant potential impact somehow does not adhere to the standard required and is, therefore, arbitrary. The Court does not believe that the use of the word "perception" by the IWA in its decision detracts from the validity or invalidity of its conclusion. It simply means that is what the IWA perceived to be the circumstances or situation. The Court does not conclude that the IWA applied a lesser standard than it was required to utilize. CT Page 1250
The Court then examines the record to determine if the decision is reasonably supported by the resold, and it finds that it is.
This case is distinguished from the cases primarily relied upon by the plaintiff; Tanner v. Conservation Commission, 15 Conn. App. 336 (1988); Feinson v. Conservation Commission, 180 Conn. 421 (1980) and Manor Development Corporation v. Conservation Commission, 180 Conn. 692 (1980).
The record in this case indicates there were questions raised by the Commission members and that some of the experts expressed some reservations about the conditions on the property. The record also supports the basis for the knowledge of the Commission members and the reasoning behind the questioning of the proposed development on the wetlands.
The applicant's expert soil scientist expressed concern with ground water depth and seasonal fluctuation on lot 27E. (Record No. 11, Wetland Assessment, Natural Features Overview, pg. 1).
The IWA agent expressed concern about the impact from lot 27E. Although he indicated that his concerns were minor he had some concerns, nevertheless. (Record No. 8, Report from Grant Meitzler).
The basis of the personal knowledge of the Commission members as it pertains to the site is found in the transcript, (Record No. 5, Hearing of December 18, 1989). More than one IWA member walked the land and they found it very mushy and damp. One member described it as muddy.
Much of the area of lot 27E appeared to be wet according to another member. (Transcript pages 5-13). Also see Record No. 6, Report of Mansfield Conservation Commission dated November 29, 1989.
The plaintiff's soil scientist in the section of his report entitled "Summary Conclusions" states that the plan to lower groundwater levels appears to be feasible. (emphasis added) based on available data. He also states in his report that the waste water system on lot 27E presents several difficulties due to ledge and groundwater, and hence long-term wetland impact potential. (Record No. 11, Activity No. 2). While the witness suggests several steps which could help alleviate the problems, the record supports the reasonableness of the concerns and ultimate decision of the IWA, thus distinguishing this case from those cited by the CT Page 1251 plaintiff. See Huck v. Inland Wetlands and Watercourses Agency, 203 Conn. 525 1987).
As for the conclusion reached by the IWA that reasonable and prudent alternatives may exist, again, while the record indicates various proposals suggested by the witnesses to alleviate the pollution concerns, those recommendations would "appear" to be "feasible" according to one of the plaintiff's experts.
In direct response to one of the member's questions the plaintiff's engineer stated he did not believe they were required to show any in this case, but indicated that before working up the proposal he considered may aspects of the project in his office, but did not spell it out beyond that (Transcript Dec. 18, 1989, pp. 20-22).
From the record, this Court cannot conclude that the IWA was arbitrary in indicating there could be reasonable and prudent alternatives to the subdivision proposal.
The plaintiff is on firmer ground with respect to the issue of the non-existence of rare and endangered plant species. None of the witnesses found any evidence that any such species were on the site nor is there anything in the record to remotely indicate that could be the case. While the record does not support the IWA decision on this ground, if the record supports one of the reasons for the agency's decision, that is sufficient. Burnham v. Planning and Zoning Commission, 189 Conn. 261, 265 (1983).
The Court cannot substitute its judgment for that of the agency. Burnham v. Planning and Zoning Commission, supra, p. 266.
For the foregoing reasons the Court does not find that the agency acted arbitrarily or in abuse of its wide discretion. Thorne v. Zoning Commission, 179 Conn. 199
(1979); Kaeser v. Conservation Commission, 20 Conn. App. 309
(1989).
The appeal is dismissed.
Klaczak, J.