[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Daniel Bolin appeals the decision of the defendant board of firearms permit examiners affirming the revocation of his permit to sell handguns at retail in the city of Bridgeport.
The defendant board rendered an earlier decision revoking the plaintiff's permit in April 1993, finding that the plaintiff was not a suitable person to hold a permit to sell guns. The plaintiff appealed that decision to this court. The court held that the board had the power to revoke the plaintiff's permit to sell handguns if it had substantial evidence that he was not "suitable" to engage in that business. The court sustained the appeal, however, and remanded the case to the board for articulation of its reasons for finding the plaintiff unsuitable. The board has now rendered a new decision, which is the subject of this appeal. The court again finds the issues in favor of the plaintiff. In its earlier decision, the board affirmed the CT Page 2628 decision of the chief of police of Bridgeport to revoke the plaintiff's permit to sell guns. The police chief and the board based their decisions on the provisions of General statutes §§29-28 and 29-32. These same provisions authorize the revocation of a permit to carry a handgun in public, and the plaintiff's permit for that activity had also been. revoked. He never appealed the revocation of his permit to carry a gun.
Following the court's remand of the case to the board, the board met and reconsidered the evidence in the record of the original hearing. It did not accept any new evidence.
As noted in this court's earlier decision, the incident that consumed most of the testimony at the original hearing involved the plaintiff firing his gun into the ground at a shopping mall in Trumbull in an effort to thwart a burglary of his car. That incident was the express basis of the board's determination that the plaintiff was not a suitable person to hold a permit for the sale of guns at retail in Bridgeport. The court held that the board did not adequately explain the connection between its factual findings and its conclusion concerning the plaintiff's suitability to hold a sales permit. The court noted that none of the board's factual findings concerned the plaintiff's conduct of his retail handgun business. In this regard, the court also noted that the Bridgeport police chief testified that there was nothing about the plaintiff's firearm business that led to the decision to revoke his permit to conduct it.
In its decision sustaining the plaintiff's appeal and remanding the case for a new decision, the court held as follows:
 In order for the Board's decision in this case to avoid the interpretation that it is arbitrary in violation of § 4-183, the decision must clearly state what it is that the plaintiff did that makes him an unsuitable person to hold a permit to sell handguns, as distinguished from a permit to carry such a weapon out among the public. Such specificity is particularly appropriate because the plaintiff's permit to carry a handgun has already been revoked on the basis of the shopping mall incident. If the Board concludes, as it may well do, that these facts support the revocation of a permit for an entirely different activity (that is, retail sales), it should state how and why. CT Page 2629
In the board's new decision, which is the subject of this appeal, the board essentially restates its findings of fact, including its finding that the plaintiff used bad judgment in firing his gun into the ground at the mall. It holds that it has the authority to revoke a permit to sell handguns for cause. It then concludes as follows:
 Based upon the evidence produced at the hearing, the appellant is not a suitable person for the reason that faulty judgment in the use of a handgun raises serious question as to the likelihood of the appellant providing persons purchasing proper advice concerning safe storage of handguns, insuring accurate completion of purchase forms/records, or properly notifying local and state authorities of the transaction.
The problem with this conclusion is that there is absolutely no evidence in the record to support it. Indeed, the only hard evidence tends to show otherwise. At the hearing that the board held following the remand, before rendering the new decision, the board members virtually conceded that the plaintiff's business records and compliance with regulations were beyond reproach. There was, furthermore, nothing in the record to suggest that he had ever given handgun purchasers improper or inadequate advice concerning storage of the weapons. In short, there was no evidence that the plaintiff conducted his retail sales business in an illegal or even unsuitable manner or that there was any realistic basis for believing he would do so in the future. The board's conclusion that the plaintiff's one time lapse in judgment at the shopping mall is indicative of how he might run his business, therefore, was nothing more than speculation.
General Statutes § 4-183(j) provides that the court must sustain the plaintiff's appeal if it finds that his substantial rights have been prejudiced by a decision of the board that is "clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or . . . (is) arbitrary or capricious." A necessary and obvious corollary of this rule is that the decision of an administrative ag agency must be based on substantial evidence. Marshall v. DelPonte, 27 Conn. App. 346
(1992); Tanner v. Conservation Commission,15 Conn. App. 336 (1988). CT Page 2630
In this case, the board had two opportunities to state the reliable, probative and substantial evidence that supported its crucial conclusion that the plaintiff is unsuitable to have a sales permit. It was unable to do so. The court's review of the record, furthermore, indicates that there is no such evidence. The board's decision was by definition, therefore, unreasonable and arbitrary.
The plaintiff's appeal is sustained.
MALONEY, J.