[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff Kristine Sanfilippo appeals the decision of the defendant commissioner of motor vehicles suspending the plaintiff's motor vehicle operator's license for a period of ninety days. The commissioner acted pursuant to General Statutes § 14-227b on the basis that the plaintiff failed a chemical test of the alcohol content of her blood after having been arrested on a charge of operating a motor vehicle while under the influence of alcohol. The plaintiff appeals pursuant to General Statutes § 4-183. The court finds the issues in favor of the CT Page 8432 defendant.
The record reflects the following pertinent facts. On February 20, 1998, at approximately 2:50 a.m., Troop H of the Connecticut state police received a 911 call reporting a vehicle traveling on Interstate 91 in an erratic manner at a high rate of speed. The arresting officer observed the plaintiff's vehicle traveling northbound on Interstate 91 at a high rate of speed in the left lane and left shoulder area. Once the vehicle was pulled over, the officer confirmed that it was the subject of the 911 call. When he approached the plaintiff, who was operating the vehicle, the officer smelled a moderate to strong odor of alcohol on her breath and, when asked, the plaintiff admitted drinking four Bacardi and coke mixed drinks. The plaintiff submitted to and performed poorly on the field sobriety tests. Based upon his observation of the plaintiff's appearance and conduct and the results of the field sobriety tests, the officer placed the plaintiff under arrest for operating a motor vehicle while under the influence of alcohol. After she was advised of her rights and heard the implied consent advisory, the plaintiff submitted to the chemical tests. The first test was performed at 4:12 a.m. resulting in a reading of .205, and the second test was performed at 4:46 a.m. resulting in a reading of .201.
On February 26, 1998, the defendant notified the plaintiff that her license would be suspended for ninety days effective March 22, 1998, for failing the chemical alcohol test. She requested a hearing within seven days of the notice, and a hearing was held on March 17, 1998. At the hearing, the hearing officer introduced and admitted the A-44 police report and accompanying narrative investigation report into evidence. The plaintiff testified and introduced the audio tape of the 911 call, copies of the test tapes and a two page letter from James E. O'Brien, Ph.D., M.D. The hearing officer issued his decision on March 17, 1998, affirming the ninety day suspension of the plaintiff's license. This appeal followed.
In the decision of the hearing officer, in addition to the four requisite findings under General Statutes § 14-227b(f), the hearing officer included the following subordinate facts:
 Given the respondent's statement that she stopped driving at 2:30 a.m. and the respondent's motor vehicle stop at approximately 2:50 a.m., there is sufficient evidence that the intoxilyzer test, which was commenced at 4:12 CT Page 8433 a.m., was commenced within two hours of the time of operation.
(Return of Record (ROR), Decision dated March 17, 1998.)[1]
The plaintiff raises three claims of error in this appeal:
1. In light of her expert's opinion concluding that the breath tests were invalid, there is not substantial evidence in the record to support the suspension of her operator's license.
2. The breath tests were not commenced within two hours of her operation of the motor vehicle.
3. The field sobriety tests were not administered properly and cannot be the basis for a finding of probable cause.
In an administrative appeal, the plaintiff bears the burden of proving that the commissioner's decision to suspend a motor vehicle operating license was clearly erroneous in view of the reliable, probative and substantial evidence on the whole record.Schallenkamp v. DelPonte, 229 Conn. 31, 39 (1994); see Lawrencev. Kozlowski, 171 Conn. 705, 713-14 (1976), cert. denied,431 U.S. 969, 97 S.Ct. 2930, 53 L.Ed.2d 1066 (1977). "Judicial review of an administrative agency decision requires a court to determine whether there is substantial evidence in the administrative record to support the agency's findings of basic fact and whether the conclusions drawn from those facts are reasonable . . . Substantial evidence exists if the administrative record affords a substantial basis of fact from which the fact in issue can be reasonably inferred." (Internal quotation marks omitted.) Schallenkampv. DelPonte, supra, 229 Conn. 40. "The evidence must be substantial enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury." (Internal quotation marks omitted.) Marshall v. DelPonte, 27 Conn. App. 346, 352,606 A.2d 716 (1992). "[I]f the administrative record provides substantial evidence upon which the hearing officer could reasonably have based his finding . . . the decision must be upheld." Connecticut Building Wrecking Co. v. Carothers,218 Conn. 580, 601 (1991). "The obvious corollary to the substantial evidence rule is that a court may not affirm a decision if the evidence in the record does not support it." Bialowas v.Commissioner of Motor Vehicles, 44 Conn. App. 702, 709 (1997).
CT Page 8434
As to the major issue of the plaintiff's appeal, the validity of the breath tests, the Appellate Court has recently and repeatedly decided the issue in Bancroft v. Commissioner of MotorVehicles, 48 Conn. App. 391, cert. denied, 245 Conn. 917 (1998),Settani v. Commissioner of Motor Vehicles, 48 Conn. App. 418, cert. denied, 245 Conn. 916 (1998), Moliengo v. Commissioner ofMotor Vehicles, 47 Conn. App. 934 (1998) (per curiam) and Ramiskv. Commissioner of Motor Vehicles, 45 Conn. App. 924, cert. denied, 243 Conn. 923 (1997) (per curiam).[2] Here, the plaintiff argues that the hearing officer improperly disregarded or rejected the letter of her expert, James E. O'Brien, PhD, M.D., opining that the breath tests were invalid. Citing BuildersService Corporation v. Planning and Zoning Commission,208 Conn. 267, 294 (1988), a declaratory judgment action on the validity of a zoning regulation, she claims error in the fact that this evidence was the only expert evidence on this issue and that it was uncontradicted.[3] Finally she argues that the hearing officer improperly relied on his own experience and knowledge and did not notify the plaintiff he was doing so. The following language from Bancroft v. Commissioner of Motor Vehicles, supra, is dispositive of the plaintiff's argument:
 To claim, as the plaintiff does, that the hearing officer disregarded the O'Brien letter and, in effect, relied on his "own special or expert knowledge" is to attribute to him a failure to perform his duty. See Balch Pontiac-Buick, Inc. v. Commissioner of Motor Vehicles, 165 Conn. 559, 564, 345 A.2d 520 (1973). The hearing officer who heard the matter and decided to uphold the suspension of the plaintiff's motor vehicle operator's license was a "public officer" and acted in this matter as a statutory designee of the defendant commissioner, having been appointed by him. See General Statutes § 14-4a. As a public officer, the hearing officer is presumed to have acted legally and properly until the contrary appears. . . .
 The plaintiff has not shown that the hearing officer "relied on his own special expert knowledge" for two reasons. First, as noted, the plaintiff has not demonstrated that the hearing officer disregarded the O'Brien letter. Second, the plaintiff's reliance on Feinson v. Conservation Commission, supra, 180 Conn. 429, and Tanner v. Conservation Commission, CT Page 8435 supra, 15 Conn. App. 340, is inapposite here. In both of those cases, the appellate courts reversed the decisions of the conservation commissions involved where their decisions were contrary to the unrebutted expert testimony. Since Feinson and Tanner, however, our appellate courts have handed down decisions that point out that the trier of fact is not required to believe unrebutted expert testimony, but may believe all, part or none of such unrebutted expert evidence.
(Footnotes omitted.) Id., 403-05.
 The Ramisk trial court held that this principle applied equally to an administrative hearing under § 14-227b, saying that "[a] hearing officer may rely on the presumption created by the statute if he or she disbelieves expert evidence to the contrary. Additional expert evidence to rebut the plaintiff's evidence is not required in such a case." Id. We are persuaded, therefore, that in such cases the fact finder is not required to accept such expert evidence to the extent that he or she disbelieves it in whole or in part. The plaintiff has not shown that this hearing officer, acting as a public officer, did, in fact, disregard O'Brien's letter as claimed.
(Footnotes omitted.) Id., 407. Thus, the Appellate Court has rejected the plaintiff's argument.
Further, in Settani v. Commissioner of Motor Vehicles, supra,48 Conn. App. 421, note 2 (1998), the court noted,
 It is true that O'Brien says that it cannot be determined with reasonable scientific certainty whether the plaintiffs BAC was at or above 0.1 percent at the time of operation because, given the standard error of percent for this intoximeter, the tests are essentially identical. His letter does not say that the plaintiff's test results were below the legal level of 0.10 percent at the time of operation. His report does not say whether or how it is scientifically possible for a person, let alone this plaintiff, to have a BAC of 0.229 CT Page 8436 percent thirty minutes after operating a motor vehicle without having had a BAC of 0.10 percent or greater at the time of operation. In short, the O'Brien letter could be read as not having rebutted the statutory presumption in the first place.
Similarly, here, the characterization of the test results as "identical" do not strengthen the plaintiff's argument. Both results are well over the legal blood alcohol level of 0.10 percent. (ROR, Respondent's Ex. 1, Letter of James E. O'Brien.)
The third issue warrants little discussion. The plaintiff did not raise the issue of the administration of the field sobriety tests before the hearing officer. Finkenstein v. Administrator,192 Conn. 104, 114 (1984) ("we will not set aside an agency's determination upon a ground not theretofore fairly presented for its consideration"). Further, there was additional evidence for the officer to conclude there was probable cause: the plaintiff's admission, the odor of alcohol on her breath, her erratic driving. Finally, there is no indication anywhere in the record that the tests were not properly administered.
As to the second issue, the plaintiff argues that the record shows that the second breath test was performed more than two hours after she stopped operating the vehicle. Under General Statutes § 14-227b(c), "if the person arrested . . . submits to such test or analysis, commenced within two hours of the timeof operation, and the results of such test or analysis indicate that the ratio of alcohol in the blood of such person is ten-hundredths of one per cent or more of alcohol, by weight, the police officer, acting on behalf of the Commissioner of Motor Vehicles, shall immediately revoke and take possession of the motor vehicle operator's license. . . ." Here the record clearly supports a finding that the first test was commenced within two hours of operation, since the arrest took place around 2:50 a.m. and the first test tape shows a time of 4:12 a.m. There is no statutory or regulatory provision mandating that both tests be taken within two hours of operation. In fact, General Statutes § 14-227a, the criminal counterpart providing for the admissibility of that test, reads,
 (5) an additional chemical test of the same type was performed at least thirty minutes after the initial test was performed or, if requested by the police officer for reasonable cause, an additional CT Page 8437 chemical test of a different type was performed to detect the presence of a drug or drugs other than or in addition to alcohol, provided the results of the initial test shall not be inadmissible under this subsection if reasonable efforts were made to have such additional test performed in accordance with the conditions set forth in this subsection and such additional test was not performed or was not performed within a reasonable time, or the results of such additional test are not admissible for failure to meet a condition set forth in this subsection; and (6) evidence is presented that the test was commenced within two hours of operation.
Thus, the legislature clearly contemplated only the first test being within two hours of operation.
For the foregoing reasons, the court will not disturb the findings of the hearing officer. Those findings are not clearly erroneous in view of the reliable, probative and substantial evidence in the whole record.
The appeal is dismissed.
DiPENTIMA, J.