[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 STATEMENT OF APPEAL
The plaintiffs, all alleged owners of property containing wetlands in the Town of Newtown, Connecticut, appeal from the decision of the defendant, the Conservation Commission of Newtown (Commission), expanding the area surrounding wetlands in which the defendant requires a permit for certain regulated activities, and adding additional definitions of regulated activities. CT Page 2736
 BACKGROUND
The plaintiffs are Kim J. Danziger, Dennis Catino, Charles Tilson, David G. French, and Michael Burton. On October 19, 1999, the plaintiffs filed this appeal of the Newtown inland wetland agency's adoption of amendments to the inland-wetlands and watercourse regulations of the Town of Newtown on September 22, 1999. (Return of Record [ROR 1], Item 3.) The plaintiffs challenge the amendments to two definitions incorporated in § 2.1 of the Newtown regulations, which changed the definitions of "regulated activity" and "regulated area." As amended, the definitions now read as follows (the essence of the changes are set forth in italics):
 "Regulated Activity" means any operation within or use of wetland or watercourse involving removal or deposition of material, or any obstruction, construction, alteration or pollution of said wetland or watercourses, but shall not include specific activities in Section 22a-40 of [the] Connecticut General Statutes. Furthermore any clearing, grubbing, filling, grading, paving, excavating, construction, depositing or removal of material and discharging of storm water on the land within one hundred (100) feet measured horizontally from the boundary of any wetland or watercourse is a regulated activity. The Agency may rule that any other activity located within such upland review area or any other non-wetland or non-watercourse area that is likely to impact or affect wetlands or watercourse and (sic) is a regulated activity.
 "Regulated Area" means any wetlands or watercourses as defined in these Regulations and the land situated within (100) feet of said wetlands and watercourses and any upland area where the activity is likely to impact or affect wetland[s] or watercourse[s].
(ROR, Item 13, p. 5.) The amendments increased the list of regulated activities, increased a so-called "buffer area" from 50 to 100 feet and added an "upland review area." The defendant published legal notice of the amendments in the Newtown Bee on October 1, 1999. (ROR, Item 5.) This court held a hearing on this appeal on October 23, 2000.
 JURISDICTION
In order for this court to have jurisdiction, the plaintiffs must CT Page 2737 establish aggrievement, and the proper parties must have been served in a timely fashion.
 Aggrievement
The first issue the court must address is aggrievement. "[P]leading and proof of aggrievement are prerequisites to the trial court's jurisdiction over the subject matter of a plaintiff's appeal." Jolly, Inc. v. ZoningBoard of Appeals, 237 Conn. 184, 192, 676 A.2d 831 (1996). The complaint alleges that each of the plaintiffs owns property that is both affected by the amendments to the defendant's regulations, and within ninety feet of a regulated wetland. During the hearing, Burton was the only plaintiff to testify regarding aggrievement. None of the other plaintiffs supplied any proof of aggrievement to the court. Accordingly, the claims of all of the plaintiffs, except Burton, are dismissed as the court lacks subject matter jurisdiction over their claims.[1]
Sufficient proof of aggrievement does exist as to the plaintiff Burton, however. General Statutes § 22a-43 (a) defines aggrieved parties to include "any person owning or occupying land which abuts any portion of land or is within a radius . . . of the wetland or watercourse involved in any regulation. . . ." Burton owns property in Newtown with wetlands located on it. (Court Transcript, October 23, 2000, pp. 2-19.)
The defendant argues that the plaintiff is not aggrieved until the defendant Commission renders an adverse decision pursuant to the amended regulations. The standard set forth in General Statutes § 22a-43
(a), however, is that the land be near a wetland involved in a regulation. Here, Burton owns land containing a wetland. Accordingly, the court finds that Burton is aggrieved pursuant to § 22a-43 (a). TimberTrails Corp. v. Planning Zoning Commission, 222 Conn. 374 (1992); Colev. Planning Zoning Commission, 30 Conn. App. 511 (1993); Sinclair v.Planning Zoning Commission, Superior Court, judicial district of Litchfield at Litchfield, Docket No. 079576 (May 26, 2000, Frazzini, J.).
Because the plaintiff does not allege that the defendant has rendered an adverse decision pursuant to the regulations, this appeal amounts to a challenge of the validity of the amendments on their face. In other words, plaintiff challenged the validity of the amendments as written, not as applied. See Stafford Higgins Industries, Inc. v. City ofNorwalk, 245 Conn. 551, 582, 715 A.2d 46 (1998) (allowing challenge to validity of legislation on appeal); Queach Corp. v. Inland WetlandsCommission, Superior Court, judicial district of New Haven at New Haven, Docket No. 430078 (September 1, 2000, Blue, J.) (28 Conn.L.Rptr. 44, 45) ("[i]t should be kept in mind, however, that [this] appeal only CT Page 2738 challenges the facial validity of the amendments in question and that the question of whether the amendments are valid as applied must be reserved for future cases in which adverse decisions applying those amendments are presented to the Court.").
Timeliness and Service of Process
General Statutes § 22a-43 (a) governs inland wetland agency appeals. That statute incorporates the provisions of § 8-8 (b), and requires that a plaintiff commence an appeal within fifteen days from the time of publication of the inland wetland agency's action. Here the defendant published the enactment of the amendments in question in the Newtown Bee on October 1, 1999. (ROR, Item no. 5.) The plaintiff commenced this appeal by service of process, directed to the Newtown town clerk, the defendant's clerk and the defendant's chairperson, on October 15, 1999. The plaintiff served the executive secretary of the commissioner of the department of environmental protection on October 29, 1999.[2] This appeal is timely.
Accordingly, the court finds that it has jurisdiction over this appeal as to the plaintiff Burton.
 SCOPE OF REVIEW
In enacting or amending its regulations, the defendant acts in a legislative capacity. Parks v. Planning Zoning Commission, 178 Conn. 657,660, 425 A.2d 100 (1979). Such a regulation is presumed to be valid, and the plaintiff bears the burden of demonstrating that it does not fall within the scope of the authorizing statute. Mario v. Fairfield,217 Conn. 164, 170, 585 A.2d 87 (1991). "Acting in such a legislative capacity, the defendant has wide and liberal discretion . . . and is free to amend its regulations whenever time, experience, and responsible planning for contemporary or future conditions reasonably indicate the need for a change." (Citations omitted; internal quotation marks omitted.) West Hartford Interfaith Coalition, Inc. v. Town Council,228 Conn. 498, 505 n. 10, 636 A.2d 1342 (1994).
Moreover, "[t]he legislature has expressed a strong public policy in favor of protecting and preserving the natural resources, and particularly the wetlands, of this state." Commissioner of EnvironmentalProtection v. Connecticut Building Wrecking Co., 227 Conn. 175, 198,629 A.2d 1116 (1993).
 The inland wetlands and watercourses of the state of Connecticut are an indispensable and irreplaceable but fragile natural resource with which the citizens of CT Page 2739 the state have been endowed. The wetlands and watercourses are an interrelated web of nature essential to an adequate supply of surface and underground water; to hydrological stability and control of flooding and erosion; to the recharging and purification of groundwater; and to the existence of many forms of animal, aquatic and plant life. . . . The preservation and protection of the wetlands and watercourses from random, unnecessary, undesirable and unregulated uses, disturbance or destruction is in the public interest and is essential to the health, welfare and safety of the citizens of the state.
General Statutes § 22a-36.
 DISCUSSION
In his complaint, the plaintiff alleges the following seven grounds for this appeal: "(a) the regulations seek to impose regulations on activities on activities that do not actually impact inland-wetlands or watercourses; (b) the regulations seek to impose regulations on activities beyond reasonable "buffer areas' surrounding inland-wetlands and watercourses; (c) the regulations seek to impose regulations beyond those authorized by the Connecticut General Statutes; (d) the regulations seek to regulate "vernal pools' where such pools are not in defined inland-wetlands or watercourses areas; (e) the changes in regulations (section 8.9) seeks to require an applicant to pay for the cost of a review required by the commission, which requirement is not authorized by the Connecticut General Statutes; (f) the proposed changes or a part thereof may result in the taking of the [plaintiff's] properties without due process of [law] in violation of the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Section 11 of the Constitution of the State of Connecticut; and (g) the changes in the regulations were not the result of any scientific or other evidence presented by the commission at a public hearing for the need or desirability of such regulation changes." (Complaint, ¶ 4.)
As an initial matter, the court finds that the plaintiff has abandoned two of his grounds for appeal. The plaintiff expressly abandoned the ground regarding the requirement that an applicant pay for the costs of review, because the plaintiff and defendant agree that this requirement is no longer in effect. (Transcript, October 23, 2000, pp. 37-38.) Second, nowhere in his brief, or during argument, has the plaintiff argued the issue of vernal pools. Accordingly, this claim is deemed abandoned. Lizotte v. Conservation Commission, 216 Conn. 320, 328,579 A.2d 1044 (1990) ("this claim was neither briefed nor presented to CT Page 2740 the trial court and was, therefore, abandoned"); Collins v. Goldberg,28 Conn. App. 733, 738, 611 A.2d 938 (1992) ("[b]ecause the plaintiff failed to brief the other claims set forth in the complaint, the trial court properly considered them abandoned."). The court will now turn to the plaintiff's remaining grounds of appeal.
The court interprets the plaintiff's first three grounds as stating essentially the same claim, i.e., that the defendant exceeded its statutory authority by extending the so-called buffer areas from 50 to 100 feet, in creating the upland review areas and expanding the list of regulated activities.
The plaintiff cites Connecticut Fund for the Environment v. Stamford,192 Conn. 247, 470 A.2d 1214 (1984) and Tanner v. ConservationCommission, 15 Conn. App. 336, 544 A.2d 258 (1988), for the proposition that "[t]he authority of an inland wetlands agency is extremely limited in that it can consider only matters that impact on designated . . . wetland areas." (Plaintiff's brief, p. 3.) These cases are distinguishable from the present appeal. In Connecticut Fund for theEnvironment, the question before the court was whether the Stamford's environmental protection board erred in excluding evidence that was not related to the protection of inland wetlands, such as air and noise pollution. Connecticut Fund for the Environment v. Stamford, supra, 249-51. In Tanner, the issue was whether there was substantial evidence to support a decision of Norwalk's conservation commission that permitted a single family home to be constructed in a designated wetlands area.Tanner v. Conservation Commission, supra, 338.
These questions are not at issue in the present appeal. The plaintiff does not allege that the defendant is attempting to regulate something that is far from the jurisdiction of the defendant, such as air or noise pollution. Nor is this a case where the defendant must have substantial evidence to act, as when the agency entertains a permit application. The gravamen of this appeal is whether the defendant acted within its statutory authority by expanding the geographical area and the activities for which it requires permits.
It is clear that inland wetlands agencies have the authority to regulate areas outside the specific boundaries of wetlands and watercourses. The authority to require permits for activities as well as the authority to prohibit outright certain activities outside the wetlands has been upheld by the Connecticut Supreme Court. Mario v.Fairfield, supra, 217 Conn. 164; Lizotte v. Conservation Commission,
supra, 216 Conn. 320; Aaron v. Conservation Commission, 183 Conn. 532,441 A.2d 30 (1981). Moreover, the Connecticut General Assembly specifically authorized regulation of activities outside the wetlands CT Page 2741 boundaries when it amended the Inland Wetland and Watercourses Act in 1995 to add § 22a-42a (f) which states:
 If a municipal inland wetlands agency regulates activities within areas around wetlands or watercourses, such regulations shall (1) be in accordance with the provisions of the inland wetland regulations adopted by such agency related to application for, and approval of, activities to be conducted in wetlands or watercourses and (2) apply only to those activities which are likely to impact or affect wetlands or watercourses.
We turn now to the issue of whether the defendant has exceeded its authority. The amended regulation increases the scope of the "regulated area" to create a so-called "buffer area" of 100 feet surrounding the actual wetlands and watercourses (the former buffer area was limited to 50 feet) and to expand the definition of "regulated activity" to include "clearing, grubbing, filling, grading, paving, excavating, construction, depositing or removal of material and discharging of storm water" within the increased buffer area. As to the scope of the buffer area, the Commission initially considered expanding it to 150 feet (ROR, Item 16). The record contains some evidence that the Connecticut Department of Environmental Protection considered that size buffer area impractical. (Id.) In addition, there was opposition from landowners and builders. (Id.) On further consideration and after consulting with counsel (ROR, Item 10), the Commission reduced the proposal to 100 feet. There was evidence in the record that the Commission and the town conservation officer had found the existing 50 foot buffer to be inadequate to protect wetlands and watercourses. (ROR, Item 1, (hereafter "Tr."), pp. 25-28.) It was pointed out that as changing economics allowed more marginal land to be developed, a larger buffer area was needed to protect wetlands. (Id., p. 27.) On the basis of those considerations, the court finds that the decision to increase the buffer area is within the authority of the Commission and a reasonable exercise of its regulatory power.
With regard to the expanded definition of "regulated activity," the court finds that these new activities such as "clearing, grubbing," etc., are more specific descriptions of activities which are already included in the definition of "regulated activities." For example, "clearing" and "grubbing" are encompassed within the meaning of "removal or deposition of material," which was a "regulated activity" prior to the amendment. See also General Statutes § 22a-38 (13). The issue then is whether these activities within the 100 foot buffer area are "likely to impact or affect" wetlands or watercourses as required by General Statutes § 22a-42a(f). There is little, if any, evidence on this CT Page 2742 point in the record. However, the Supreme Court has recognized that regulated activities can take place outside a wetland. The court is also mindful that there is a presumption that properly enacted town regulations and ordinances are valid. Finally, the court finds that since the activities described in the amendment are similar to, if not precisely the same as, activities which are statutorily recognized to affect wetlands, their occurrence in the limited surrounding buffer area would meet the "likely to" test of § 22a-42a(f).
In this regard, it should be pointed out that a regulated activity is not necessarily a prohibited activity, and the Commission could reasonably determine that in order to exercise its lawful oversight and protective function, it was necessary to require at least an application for a permit to do those designated activities in the buffer area. See Mario v.Fairfield, supra, 217 Conn. 171-172.
The court now turns to the provision creating the so-called "upland review area." This provision allows the Commission the discretion to determine that an activity outside an actual wetlands and watercourse and also outside the buffer area which is likely to impact or affect wetlands or watercourse is a regulated activity." Since the regulation, as amended, covers only activities that are likely to affect wetlands, it is squarely within the leeway afforded by § 22a-42a(f).
Next the plaintiff argues that the regulations in question "may result in the taking of the [plaintiff's property] without due process of [law]." (Complaint, ¶ 4(f).) A taking such as the one implicated in the present case occurs when a regulation "practically destroys or greatly decreases the value of a specific piece of property." (Internal quotation marks omitted.) Stankiewicz v. Zoning Board of Appeals,15 Conn. App. 729, 733, 546 A.2d 919 (1988), quoting, Culinary Instituteof America, Inc. v. Board of Zoning Appeals, 143 Conn. 257, 262,121 A.2d 637 (1956). The plaintiff has the burden of demonstrating that a taking has occurred. Smith v. Zoning Board of Appeals, 227 Conn. 71, 99,629 A.2d 1089 (1993), cert. denied, 510 U.S. 1164, 127 L.Ed.2d 540,114 S.Ct. 1190 (1994). No such evidence is present here. In fact, nowhere does the plaintiff allege, or argue, that there has been a diminution in the value of his property. Rather, the plaintiff argues that there exists a potential that a taking may occur under the amended regulations, and that this potentiality renders the amendments void. This claim is meritless. The plaintiff has cited no case law, and this court is not aware of any, where a court invalidated a regulation merely because it might result in a taking.
Finally, the plaintiff argues that the amendments are not supported by the evidence presented at the public hearing. The defendant, conversely, points to evidence on the record submitted before it that supports its CT Page 2743 decision. The court has already found that the increase in the size of the buffer area had support in the record. As a general matter, the conservation official for the town of Newtown, Steve Driver, testified that the purpose of the proposed amendments were to: "(1) prevent or minimize pollution or other environmental damage (2) maintain or enhance existing environmental quality, or (3) in the following order of priority: restore, enhance, or create productive wetland or watercourse resources, (4) discover any irreversible loss of wetland or watercourseswhich would destroy any vegetation which supports forms of life. In [the] description of the proposed activity the commission needs to know all potential impacts that would occur if the activity is granted." (Emphasis in original.) (ROR, Item 16, pp. 12-13.)
"Where . . . the zoning commission fails to present a formal collective statement of reasons the court must search the entire record to find a basis for the commission's decision. . . . In such a case, individual reasons given by members of the commission [do] not amount to a formal, collective, official statement of the commission . . . and are not available to show the reason[s] for, or the ground[s] of, the [commission's] decision." (Citations omitted; internal quotation marks omitted; brackets in original.) West Hartford Interfaith Coalitions,Inc. v. Town Council, supra, 228 Conn. 514. In the present case, the defendant did not render a formal, collective statement concerning its decision to amend the regulations at issue, therefore, the court must search the record to find a basis for the defendant's decision. Id. The standard the court must apply in conducting its search is highly deferential. Id., 513. "Conclusions reached by a . . . commission must be upheld by the trial court if they are reasonably supported by the record. . . . [D]etermination of issues of fact are matters solely within the province of the [commission]. . . . The question is not whether the trial court would have reached the same conclusion, but whether the record before the [commission] supports the decision reached." Id. The same rule applies to inland wetland agencies.Gagnon v. Inland Wetlands Watercourses Commission,213 Conn. 604, 611, 569 A.2d 1094 (1990).
Upon review of the record before the defendant, the court finds that there is sufficient evidence to support the Commission's amendments. In addition to the testimony of Driver, supra, the court notes that the amendments are based on model wetland regulations promulgated by the Department of Environmental Protection. (ROR, Item 16, pp. 12-13.) In considering the validity of the amendments, the defendant sought the advice of its attorney, and the court finds that the defendant considered the advice of its attorney carefully, and modified its proposal, at least in part, in accordance with his advice. (ROR, Item 8.) Accordingly, the court finds that the amendments are reasonable, supported by the record, CT Page 2744 and within the Commission's authority.
For the foregoing reasons, the appeal is dismissed.
Adams, J.